In re R. John CULLAR and the Texas Democratic Party, Relators.

No. 05–10–00979–CV.

Court of Appeals of Texas, Dallas.

Aug. 19, 2010.

Chad W. Dunn, K. Scott Brazil & Dunn, Houston, TX, for Relators.

John H. Cayce, Jr., Adrienne N. Parham, Kelly Hart Hallman, Fort Worth, TX, for Respondents Steve Munisteri and Henry Teich.

N. Terry Adams, Jr., Joseph M. Nixon, James E. Trainor, III, Beirne, Maynard & Parsons LLP, Houston, TX, for Real Party in Interest Brian Birdwell.

Before Justices MOSELEY, LANG, and MYERS.

## OPINION

Opinion By Justice LANG.

This original mandamus proceeding arises out of an election dispute.[1] Relators, R. John Cullar and the Texas Democratic Party, request this Court to (1) declare candidate and real party in interest Brian Birdwell "ineligible to seek election to the Office of Texas Senate, District 22, for the 2010 General Election"; and (2) direct respondents Steve Munisteri, Chairman of the Republican Party of Texas, and Henry Teich, Chairman of the Republican Senate District 22 Executive Committee, to "take all necessary steps to remove [Birdwell] as the nominee, and to take such actions as are necessary before August 20, 2010 to have [Birdwell] removed from the 2010 General Election Ballot." For the reasons below, we deny relators' petition.

## I. BACKGROUND

Cullar is the Texas Democratic Party's candidate for Texas Senate District 22 in the 2010 general election. In their August 6, 2010 "Emergency Petition for Writ of Mandamus," which names Munisteri as a respondent, relators allege Birdwell was a resident of the Commonwealth of Virginia from 2004 to, and including, 2006. According to relators, public records establish Birdwell voted in the 2006 general election in Virginia and registered as a "new voter" in Texas on June 13, 2007. Relators contend that because Birdwell did not reside in Texas for at least five years immediately preceding the 2010 general election, he is not an eligible candidate for the Texas Senate and the law requires he be declared ineligible and removed from the ballot.

In a tabbed appendix to relators' August 6, 2010 petition are documents identified by relators as follows: (1) "Virginia Voter Registration"; (2) "Virginia Voter History"; (3) "2006 Virginia Department of Game & Inland Fisheries Resident License"; (4) "2008 Virginia Department of Game & Inland Fisheries Resident License"; (5) "Tarrant County Voter History Record"; (6) "Hood County Voter Registration"; (7) "Hood County Voter History"; (8) "Press Clippings"; and (9) "Virginia Voter Registration Application Form." Attached to that petition is a "certification" signed and sworn to by relators' attorney that states in relevant part

NOW COMES Relators R. John Cullar and The Texas Democratic Party and files this their Rules 52.3(j) and 52.7(a)(1) Certifications and in support thereof would show the following:

. . . .

### Rule 52.7(a)(1)

The documents attached to the Emergency Petition for Writ of Mandamus and included in the Appendix thereto are true and correction [sic] copies to the best of my knowledge. Documents under Tab numbers 1 through 7 were obtained through a Freedom of Information Act request from the Secretary of State. These documents are true and correct copies to the best of my knowledge.

The documents included under tabs 8 and 9 were obtained by me through the internet and are publicly available.

In separate responses filed on August 12, 2010, Birdwell and Munisteri assert

---

1. This proceeding was originally filed in the Second District Court of Appeals in Fort Worth and was forwarded to this Court pursuant to Texas Rules of Appellate Procedure 17.1 and 17.2. *See* Tex.R.App. P. 17.1, 17.2.

this proceeding was not brought against the proper respondent because Munisteri did not certify Birdwell's name for placement on the general election ballot. Rather, they assert the Chairman of the Senate District 22 Executive Committee (i.e. Teich) is the person who certified Birdwell's name to appear on the ballot.

Further, Birdwell contends generally (1) the election code does not charge an election authority with knowledge of documents not provided to it; (2) press clippings are not public records that an election authority can consider under the election code; and (3) the voting histories and other public records relators rely upon do not conclusively establish Texas was not Birdwell's permanent residence from 2004 to 2006 because those documents show on their face that Birdwell's presence in Virginia was temporary. An appendix to Birdwell's response contains an April 26, 2010 judgment of the 355th Judicial District Court of Hood County, Texas, declaring Birdwell "is and has been a resident of Texas continuously since 1973" and an affidavit of Birdwell in which he alleges his continuous residency in Texas.

Relators filed an August 13, 2010 supplemental petition for writ of mandamus and reply in which they added Teich as a respondent. They assert generally (1) "[t]he uncontested public records establish [Birdwell] is not an eligible candidate"; (2) the proper respondents are before the Court; (3) relators do not rely upon press clippings as public records; and (4) the April 26, 2010 declaratory judgment from Hood County "should be accorded no weight whatsoever."

On August 16, 2010, Birdwell and Munisteri filed a joint emergency motion to dismiss the mandamus proceeding. They assert in part "[r]elators' unprecedented effort to add [Teich] as a new party [r]e-spondent in their Supplemental Petition for Writ of Mandamus is improper and not permitted by [Texas Rule of Appellate Procedure 52]."

Teich filed an August 17, 2010 response. He asserts generally (1) he has no power to remove Birdwell's name from the 2010 general election ballot at this stage and (2) relators' supplemental petition should be dismissed because it is unauthorized under the rules.

Finally, in an August 18, 2010 reply to Teich's response, relators contend generally (1) Teich's assertion he has no power to remove Birdwell's name from the 2010 general election ballot is inaccurate in light of his power to declare Birdwell ineligible under Texas Election Code section 145.003(g) and (2) the assertion by Birdwell and respondents that a supplemental petition is unauthorized by the rules and the supplemental petition should be dismissed is contrary to Texas Rule of Appellate Procedure 52.7(b) providing for supplementation of the record, and filing a new action would be unnecessarily costly.

## II. RELATORS' ENTITLEMENT TO MANDAMUS RELIEF

### A. Applicable Law

This Court has jurisdiction to consider relators' petition and to "compel the performance of any duty imposed by law in connection with the holding of an election ... regardless of whether the person responsible for performing the duty is a public officer." TEX. ELEC.CODE ANN. § 273.061 (Vernon 2010); see also TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004) (courts of appeals may issue writs of mandamus and all other writs necessary to enforce jurisdiction of court); TEX. CONST. art. V (addressing judicial power of Texas courts and providing courts of appeals shall have jurisdiction, original and appel-

late, as prescribed by law). Generally, entitlement to mandamus relief is subject to establishing three requisites: a legal duty to perform a non-discretionary act, a demand for performance, and a refusal. *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex.1992) (citing *Doctors Hosp. Facilities v. Fifth Court of Appeals,* 750 S.W.2d 177, 178 (Tex.1988)); *see also Axelson, Inc. v. McIlhany,* 798 S.W.2d 550, 556 (Tex.1990) (in order for mandamus to lie, respondent must have refused to act); *Bantuelle v. Renfroe,* 620 S.W.2d 635, 639 (Tex.Civ.App.-Dallas 1981, no writ) (before mandamus will issue to require court reporter to prepare statement of facts, relator must show demand was made of reporter and he refused); *cf. In re Link,* 45 S.W.3d 149, 151–52 (Tex.App.-Tyler 2000, orig. proceeding) (in proceeding pursuant to section 273.061, relators must establish clear legal right to action they seek to compel, and duty of person sought to be compelled must be clearly fixed and required by law). We may not resolve factual disputes in a mandamus proceeding. *In re Jackson,* 14 S.W.3d 843, 846 (Tex.App.-Waco 2000, orig. proceeding). Further, "[a]ny constitutional or statutory provision which restricts the right to hold office must be strictly construed against ineligibility." *Wentworth v. Meyer,* 839 S.W.2d 766, 767 (Tex.1992) (orig. proceeding).

The Texas Constitution provides in relevant part

No person shall be a Senator, unless he be a citizen of the United States, and, at the time of his election a qualified voter of this State, and shall have been a resident of this State five years next preceding his election, and the last year thereof a resident of the district for which he shall be chosen, and shall have attained the age of twenty-six years.

TEX. CONST. art. III, § 6. According to section 1.015 of the Texas Election Code,

" 'residence' means domicile, that is, one's home and fixed place of habitation to which one intends to return after any temporary absence." TEX. ELEC.CODE ANN. § 1.015(a) (Vernon 2010).

Section 145.003 of the election code states in relevant part

(a) Except for a judicial action in which a candidate's eligibility is in issue, a candidate may be declared ineligible only as provided by this section.

(b) A candidate in the general election for state and county offices may be declared ineligible before the 30th day preceding election day by:

(1) the party officer responsible for certifying the candidate's name for placement on the general election ballot, in the case of a candidate who is a political party's nominee. . . .

. . . .

(f) A candidate may be declared ineligible only if:

(1) the information on the candidate's application for a place on the ballot indicates that the candidate is ineligible for the office; or

(2) facts indicating that the candidate is ineligible are conclusively established by another public record.

(g) When presented with an application for a place on the ballot or another public record containing information pertinent to a candidate's eligibility, the appropriate authority shall promptly review the record. If the authority determines that the record establishes ineligibility as provided by Subsection (f), the authority shall declare the candidate ineligible.

*Id.* § 145.003 (Vernon 2010).

Under Texas Rule of Appellate Procedure 52.3(k)(1)(A), the appendix to a petition in an original proceeding in this Court must contain, *inter alia,* "a certified or

sworn copy of any order complained of, or any other document showing the matter complained of." TEX.R.APP. P. 52.3(k)(1)(A).

### B. Application of Law to Facts

Relators broadly state that Birdwell is not eligible to be a candidate for Texas Senate District 22 in the November 2010 general election because he does not meet the five-year residency requirement. It is relators' contention that the documents attached to their petition show Birdwell was a resident of Virginia from 2004 to, and including, 2006, and that proves he cannot meet the Texas residency requirements. Relators seek a writ of mandamus pursuant to section 273.061 of the election code, the general mandamus power of this Court granted by article five of the Texas Constitution, and government code section 22.221. *See* TEX. ELEC.CODE ANN. § 273.061; TEX. CONST. art. V; TEX. GOV'T CODE ANN. § 22.221.

While section 273.061 of the election code empowers this Court to issue a writ of mandamus to compel performance of any duty authorized by law in connection with the holding of an election, relators do not cite to us any particular statute that they say identifies the duty we must address. Rather, relators argue broadly that "the Republican Party of Texas" has "refused to perform their [sic] ministerial duty to determine the eligibility of candidates for its nomination." Specifically, relators contend Birdwell is ineligible based on his alleged residency in Virginia. Accordingly, relators request broadly that this Court "issue a mandamus declaring [Birdwell] ineligible to seek election to the Office of Texas Senate, District 22 for the 2010 General Election and further directing Respondent to remove [Birdwell] as the nominee and to take such actions as are necessary before August 20, 2010 to have [Birdwell] removed from the 2010 General Election Ballot."

We conclude section 145.003 of the election code sets forth the "duty imposed by law" that could give rise to necessity for issuance of a writ of mandamus, in the context of this case, where relators claim Birdwell is an ineligible candidate. *See* TEX. ELEC.CODE ANN. § 145.003(a). Accordingly, we construe relators' petition to address the duty in section 145.003 because they request this Court, in part, to evaluate the documents they offer as to Birdwell's residency, conclude those documents are public records that conclusively establish Birdwell's ineligibility, and direct that the "appropriate authority" declare Birdwell ineligible. *See id.*

Although relators contend public records show Birdwell's ineligibility, Birdwell and Munisteri contend relators "do not point to any public records that were presented to [respondents] that conclusively establishes ineligibility" and thus "do not make any argument that is recognized by Section 145.003(f) and (g) of the Election Code." Relators assert "the filing and serving of the Petition for Writ of Mandamus with its appendix has provided Respondents with the public records and they still have not issued the declaration of ineligibility." Further, relators contend the argument regarding "lack of presentation of the conclusive public records" is "inapplicable to this judicial action under the plain language of [section 145.003(a) ]," which section states, "Except for a judicial action in which a candidate's eligibility is in issue, a candidate may be declared ineligible only as provided in this section." *Id.* § 145.003(a). According to relators, such "procedural complaints ... only apply to election officers" and not to this Court. The parties cite no case law on point as to these contentions, and we find none.

Section 273.061 of the election code does not empower us to grant mandamus relief ordering performance not precisely identified as a duty by statute. *Id.* § 273.061. We find no applicable section of the election code that empowers us to simply declare Birdwell ineligible and order respondents to do whatever is necessary to take Birdwell off the ballot. *Id.* We must determine whether respondents, or either one of them, have failed to perform their duty by reference to the clear language of the applicable statute, section 145.003. *See id.* § 145.003; *see also In re Link,* 45 S.W.3d at 151–52. Further, to the extent relators assert a request for mandamus relief pursuant to the general mandamus power of this Court granted by article five of the Texas Constitution and government code section 22.221, we must determine whether relators have established the requisites for such relief. *See O'Connor,* 837 S.W.2d at 97; *Doctors Hosp. Facilities,* 750 S.W.2d at 178; *Axelson, Inc.,* 798 S.W.2d at 556; *Bantuelle,* 620 S.W.2d at 639.

■ Section 145.003 provides the means to obtain an administrative declaration of whether a candidate is ineligible to appear on the ballot. Under the plain language of section 145.003(g), the "appropriate authority" has a duty to "promptly review the record" when an application or public record is "presented." TEX. ELEC.CODE ANN. § 145.003(g). Then, after the necessary presentment of "the record" and prompt review, there is at least one other, separate step in the process. That is, should "the authority" determine the record establishes ineligibility, "the authority shall *declare* the candidate ineligible." *Id.* The "appropriate authority" cannot make an administrative determination of whether the public record conclusively establishes ineligibility until after he has been presented with such records. "The rule is

that election officials, charged with the duty of certifying names to properly appear on the ballot, have no authority to inquire into facts dehors the record." *Witherspoon v. Pouland,* 784 S.W.2d 951, 954 (Tex.App.-Dallas 1990, orig. proceeding).

■ Relators do not assert, and the record does not show, that prior to the filing of this proceeding, (1) the purported public records at issue were "presented" to the "appropriate authority" for prompt review or (2) a demand for performance or refusal occurred. Accordingly, relators have not shown that they are entitled to relief pursuant to this Court's specific or general power of mandamus. *See* TEX. ELEC.CODE ANN. § 145.003(g), § 273.061; *O'Connor,* 837 S.W.2d at 97; *Doctors Hosp. Facilities,* 750 S.W.2d at 178; *Axelson, Inc.,* 798 S.W.2d at 556 ("In order for mandamus to lie regarding this point, the respondent . . . must have refused to act . . . ."); *Bantuelle,* 620 S.W.2d at 639; *see also In re Link,* 45 S.W.3d at 151–52 (before writ of mandamus will issue, relator must establish clear legal right to action he seeks to compel, and duty of officer sought to be compelled must be clearly fixed and required by law).

■ Relators assert that, by filing their petition, they have presented the appropriate respondent with public documents relating to Birdwell's residency and thus triggered his obligation to review them and ascertain whether they conclusively prove Birdwell's ineligibility. Such a holding would, in general, effectively do away with the requirement that the person who has the duty must refuse a demand to perform a ministerial act before being made subject to a mandamus proceeding. Further, and specifically, such a holding here would improperly combine section 145.003(f)'s administrative, non-judicial procedure for initially determining wheth-

er a candidate is ineligible with a judicial proceeding seeking mandamus relief. We decline to hold that relators can bootstrap their right to mandamus relief by proceeding directly to court while ignoring two of the prerequisites for the relief they seek. That is, a demand upon the respondent for performance and a refusal of that demand. We conclude relators have not shown they are entitled to mandamus relief. *See O'Connor*, 837 S.W.2d at 97; *Axelson, Inc.*, 798 S.W.2d at 556; *see also In re Link*, 45 S.W.3d at 151–52.

■ Further, even if the mere filing of relators' petition for writ of mandamus was sufficient to trigger a duty by the appropriate respondent to review the records at issue pursuant to section 145.003, and/or constituted a demand for performance that was followed by a refusal, we cannot make the determinations requested by relators on the record before us. Relators contend "[b]ecause public records prove Brian Birdwell was a resident of Virginia at least in November, 2006, he is ineligible for election to the Texas Senate." In support of their contentions, relators expressly rely upon and bring to our attention documents in their appendix identified as "Virginia Voter Registration" and "Virginia Voter History," located at tabs one and two of the appendix. These documents appear to be photocopies of pages from a website. They purport to show a "voter overview" for Birdwell. The first document contains only the following below the copy of the website page: a handwritten note stating "certified copy made in Prince William County, Va April 1, 2010 by" and a notary seal stamp. On the second document, below a copy of a page from a website, is a notary seal stamp, but no handwritten note. Neither document contains a notary jurat or signature, or any authentication or certification. Also, specifically relied upon by relators are doc-

uments found at three and four of the appendix. These appear to be photocopies of two Virginia resident freshwater fishing licenses. Below the copy of each license, on the blank part of the sheets of paper containing the copy of the license, are notary signatures, seals, and stamps that state the following, with the underlined portions handwritten: "I hereby certify that the attached document is a true and exact copy of a *fishing license* presented before me this *1* day of *April 2010*." The licenses are printed in Birdwell's name and show a Virginia address, but are unsigned.

Relators argue "Birdwell's voting in Virginia in 2006, coupled with other public records, establishes his residency in Virginia during that time." Relators state in their "certification" that all the documents in the appendix, including those described above, are "true and correct copies to the best of my knowledge." However, these purported voting records and other documents purporting to address residency are not properly sworn or certified. *See In re Butler*, 270 S.W.3d 757, 759 (Tex.App.-Dallas 2008, orig. proceeding) (concluding relators' 52.3(k) affidavit was insufficient where relators swore the copies were true and correct "to my knowledge"); Tex. R.App. P. 52.3(k). Further, none of the documents relied upon by relators contains any verification as to authenticity. *Cf.* Tex.R. Evid. 901(b)(7) (requirement of authentication or identification regarding public records or reports); *id.* 902(2), (4) (self-authentication regarding domestic public documents and certified copies of public records). Finally, while relators assert Birdwell "does not contest the veracity of the public records nor does he dispute the critical facts stated therein," the record does not show Birdwell admits such veracity or facts. Rather, the record shows Birdwell has offered documents purporting to establish the "temporary" nature of his presence in Virginia, thereby

creating a fact issue. *See* TEX. ELEC.CODE ANN. § 1.015. We may not resolve factual disputes in a mandamus proceeding. *See In re Jackson*, 14 S.W.3d at 846 (courts of appeal lack authority to resolve factual disputes in a mandamus proceeding).

■ Relators admit the "Press Clippings" found at tab 8 of their appendix do not constitute public records. They state they attached these documents "merely ... to show the history in this case, to support collateral facts, notice to the Respondents, and to support the fact that the equities are in Relators' favor." They contend the Court can "consider the press clippings for their limited purpose." Relators' argument shows the fundamental flaw in their request for relief. Relators seek a determination from this Court as to whether Birdwell is, in fact, ineligible as a candidate. We have no authority to make such a factual determination. *See id.* Rather, the only ultimate issue before this Court is whether, as a matter of law, relators have shown they are entitled to mandamus relief as against either respondent.

"Unless the facts relied upon for disqualification are conclusively established by another public record, the election official is without authority to rely on them." *Witherspoon*, 784 S.W.2d at 954 (citing *Garcia v. Carpenter*, 525 S.W.2d 160, 161 (Tex.1975); *Weatherly v. Fulgham*, 153 Tex. 481, 271 S.W.2d 938, 941 (1954)). We conclude the "records" relied upon by relators, i.e., the documents attached to their petition and in the condition described above, do not conclusively establish Birdwell is an ineligible candidate for the Texas Senate. *See id.;* TEX. ELEC.CODE ANN. § 145.003(f)(2). Further, relators do not contend, and the record does not show, that information on any application by Birdwell for a place on the ballot indicates that he is ineligible for the office. *See* TEX. ELEC.CODE ANN. § 145.003(f)(1).

Finally, we address relators' assertion that, should this Court deny relief, we

> will have voided a provision in the State Constitution and ... will have declared Texas a political free range where candidates from anywhere in the state can move to another area on a whim and seek public office. Candidates from out of state can similarly come here and seek election despite their legal residency in other states.

Relators' assertion is groundless. The law provides avenues for relief of any violation of the election code. *See id.* § 273.081 (availability of injunctive relief for person harmed or in danger of being harmed by a violation or threatened violation of the election code); *see also id.* §§ 145.003(h), 145.005 (procedure generally for determination of ineligibility occurring after the deadline for omitting an ineligible candidate's name from the ballot).

## III. CONCLUSION

We conclude relators have not shown they are entitled to the relief requested. Accordingly, we deny relators' petition for writ of mandamus. *See* TEX.R.APP. P. 52.8(a). By separate order, we deny Birdwell's and Munisteri's joint emergency motion to dismiss.

Because of the apparent limited time remaining as to certain deadlines identified by the relators with regard to the general election, *see* TEX. ELEC.CODE ANN. § 145.064–.065, no motion for rehearing will be entertained.