# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00272-CV

## In re Chris Osborn

ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY
CONCURRING OPINION BY JUSTICE GOODWIN

## M E M O R A N D U M   O P I N I O N

In this original proceeding, relator Chris Osborn asks this Court to compel respondent Susan Brock, City Clerk for the City of Taylor, to remove D. Scott Green, real party in interest, from the ballot in the upcoming election for City Council, district 4, due to Green's residency ineligibility under the Texas Election Code. Osborn, also a candidate for the same council position, contends that public documents conclusively establish that Green is ineligible because he did not continuously reside in the district for six months prior to the election filing deadline as required by section 141.001 of the election code. *See* Tex. Elec. Code Ann. § 141.001 (West 2010).

This Court has jurisdiction to consider a request for mandamus relief and to "compel the performance of any duty imposed by law in connection with the holding of an election . . . regardless of whether the person responsible for performing the duty is a public officer." *Id*. § 273.061 (West 2010); *see also* Tex. Gov't Code Ann. § 22.221 (West 2004) ("Each court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court."). This standard is in line with the traditional use of the writ of mandamus to compel the performance of a ministerial act or duty. *Wentworth v. Meyer*, 837 S.W.2d 148, 151 (Tex.

App.—San Antonio 1992, orig. proceeding). Consequently, we have no authority to resolve factual disputes. *In re Link*, 45 S.W.3d 149, 152 (Tex. App.—Tyler 2000, orig. proceeding). Further, neither the election code nor our general mandamus authority permits us to simply declare a candidate ineligible. *In re Cullar*, 320 S.W.3d 560, 565 (Tex. App.—Dallas 2010, orig. proceeding). Instead, we may issue mandamus only when the record shows that the respondent has failed to perform a "duty imposed by law." *See* Tex. Elec. Code Ann. § 273.061; *see also In re Armendariz*, 245 S.W.3d 92, 94 (Tex. App.—El Paso 2008, orig. proceeding) (noting that mandamus relief is appropriate when the record establishes "a clear abuse of discretion or the violation of a duty imposed by law"). Additionally, the relator must show that a demand for the performance was made and denied. *See Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990) (noting that, as a general rule, mandamus is not available to compel an action that has not first been demanded and refused).

Section 145.003 of the election code provides the procedures for obtaining a declaration that a candidate is ineligible for office. *See* Tex. Elec. Code Ann. § 145.003 (West 2010). A candidate may be declared ineligible only if: (1) the information on the candidate's application for a place on the ballot indicates that the candidate is ineligible for office; or (2) facts indicating that the candidate is ineligible are conclusively established by another public record. *Id*. § 145.003(f). When the appropriate authority is presented with an application for a place on the ballot or another public record containing information pertinent to a candidate's eligibility, the appropriate authority shall promptly review the record. *Id*. § 145.003(g). If the record conclusively establishes that a candidate is ineligible, the authority must declare the candidate ineligible. *Id*. An authority's obligation to declare a candidate ineligible when required to do so under section 145.003 is a "duty imposed by law" and is subject to mandamus relief. *See id*. § 273.061; *see also In re*

2

*Sanchez*, 366 S.W.3d 255, 257 (Tex. App.—San Antonio 2012, orig. proceeding) (explaining that party chairman had duty to declare candidate ineligible if public record established that candidate was ineligible and, because he did not, mandamus relief would be appropriate).

Here, Osborn contends that public records conclusively demonstrate Green's ineligibility, and he has presented these records to the Court with his petition for writ of mandamus. However, Osborn does not assert, and the record provided by Osborn does not show, that Brock was presented with these public records prior to the filing of this proceeding. *See In re Cullar*, 320 S.W.3d at 566 ("The 'appropriate authority' cannot make an administrative determination of whether the public record conclusively establishes ineligibility until after he has been presented with such records."). Accordingly, we cannot conclude that Brock failed to perform a duty imposed by law. In addition, the record does not show that prior to filing this proceeding, Osborn demanded that Brock declare Green ineligible and that Brock refused to comply. *Id*. (holding that relators must first show that they have demanded performance and that authority refused demand prior to filing of mandamus).

It is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding); *see* Tex. R. App. P. 52.7(a). Based on the record before us, we cannot conclude that Osborn is entitled to mandamus relief. The petition for writ of mandamus is denied without prejudice to refiling. *See* Tex. R. App. P. 52.8(a).[1]

---

[1] At this time, we do not reach the question of whether the public records conclusively establish Green's ineligibility.

3

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Field and Goodwin

Concurring Opinion by Justice Goodwin

Filed:   April 30, 2013

4