

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00347-CV

IN RE TRENTON DANIEL GARZA, RELATOR

ORIGINAL PROCEEDING

October 14, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Relator Trenton Daniel Garza, appearing *pro se*, filed a petition for writ of mandamus directing the Honorable Arthur Ware, Potter County Judge, to certify relator as a write-in candidate in the November 4, 2014 general election for Justice of the Peace for Potter County's Precinct Three. We will deny the petition.

The Texas Election Code requires a person seeking election in a general election as a write-in candidate to file a declaration of write-in candidacy.[1] For county or precinct

---

[1] TEX. ELEC. CODE ANN. § 146.023(a) (West 2010). The declaration requires the same information as is required in the application filed by candidates seeking to be named on the ballot. TEX. ELEC. CODE ANN. §§ 146.023(b); 146.032 (West 2010). The form for the declaration has been prescribed by the Texas Secretary of State. *See* http://www.sos.state.tx.us/elections/forms/pol-sub/2-9f.pdf.

offices, the declaration is filed with the county judge.[2] After review of the submitted declarations of write-in candidacy for county and precinct offices, the county judge certifies the names of candidates who have submitted declarations that comply with the law.[3] Those names appear on the list of certified write-in candidates prepared by and used by election officials,[4] who may not count write-in votes for candidates not appearing on the list.[5]

The Election Code prohibits a county judge from certifying a write-in candidate if the information on the candidate's declaration of write-in candidacy indicates that the candidate is ineligible for the office sought, or if "facts indicating that the candidate is ineligible are conclusively established by another public record."[6]

Relator submitted a declaration to Judge Ware of his write-in candidacy for Justice of the Peace, Precinct Three. By certified mail dated August 21, 2014, Judge Ware notified relator that he had been provided with certified copies of election records from McLennan County, Texas, showing that relator had voted in elections in that county on March 4, 2014 and May 10, 2014.[7] The August 21 letter further advised relator that, as a result of his review of those records, Judge Ware had determined that

---

[2] TEX. ELEC. CODE ANN. § 146.024 (West 2010).

[3] TEX. ELEC. CODE ANN. § 146.029 (West Supp. 2014).

[4] TEX. ELEC. CODE ANN. § 146.031 (West 2010).

[5] TEX. ELEC. CODE ANN. § 146.022 (West 2010).

[6] TEX. ELEC. CODE ANN. § 146.030(1), (2) (West 2010). There are other reasons a write-in candidate might not be certified, but they are not pertinent here. See TEX. ELEC. CODE ANN. § 146.030 (3) – (5) (West 2010).

[7] See TEX. ELEC. CODE ANN. § 11.001 (West 2010) (listing requirements for eligibility to vote, including requirement that the voter "be a resident of the territory covered by the election for the office or measure on which the person desires to vote").

relator could not have been a resident of Potter County Precinct Three on May 4, 2014, was therefore ineligible for election to the Potter County office, and could not be certified for placement on the list of write-in candidates.[8]

Relator filed his petition for mandamus on September 22, asking that we compel Judge Ware to certify him as a write-in candidate. The petition asked that we rule on his petition by October 20, the beginning date of early voting. We requested a response to the petition, and the Potter County Attorney's Office has filed a response for Judge Ware.[9]

Statute authorizes a court of appeals to issue a writ of mandamus "to compel the performance of any duty imposed by law in connection with the holding of an election . . . . regardless of whether the person responsible for performing the duty is a public officer." TEX. ELEC. CODE ANN. § 273.061 (West 2010); *see* TEX. CONST. art. V (addressing judicial power of Texas courts and providing courts of appeals shall have jurisdiction, original and appellate, as prescribed by law).

Mandamus is an extraordinary remedy, available only in limited circumstances. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992); *State v. Sims*, 871 S.W.2d 259, 261 (Tex. App.—Amarillo 1994, orig. proceeding). A writ of mandamus will issue to compel the performance of a ministerial act. *Anderson v. City of Seven Points,* 806

---

[8] *See* TEX. ELEC. CODE ANN. § 141.001 (West 2010) (listing eligibility requirements for public office, including requirement that candidate "have resided continuously in the state for 12 months and in the territory from which the office is elected for six months immediately preceding" the date of the election at which the candidate's name is written in, for write-in candidates). The date six months preceding the November 2014 general election is May 4, 2014.

[9] Relator has this day filed a reply to Judge Ware's response. We have considered the contents of the reply.

S.W.2d 791, 793 (Tex. 1991). An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion. *Id.* Generally, entitlement to mandamus relief requires a relator to establish a legal duty to perform a non-discretionary act, a demand for performance, and a refusal. *In re Cullar,* 320 S.W.3d 560, 564 (Tex. App.—Dallas 2010, orig. proceeding).

We deny relator's petition first for the reason that it ignores important aspects of the statutorily-prescribed election schedule. *See In re Gamble*, 71 S.W.3d 313, 318 (Tex. 2002) (cautioning that judicially-ordered equitable relief in election cases must consider legislatively-required election schedule). By waiting until September 22 to seek relief in this court, relator has allowed any number of statutory election deadlines to pass. For example, no later than August 28, Judge Ware was required to certify write-in candidates to the county elections administrator,[10] the official responsible for having the official ballot prepared. That official faced a statutory deadline to complete and provide balloting materials to voters eligible to vote by mail.[11] Relator's petition seems to suggest that the grant of mandamus directed to Judge Ware by October 20,

---

[10] TEX. ELEC. CODE ANN. § 146.029(c) (West Supp. 2014); *see* TEX. ELEC. CODE ANN. §§ 52.002; 31.043 (West 2010).

[11] TEX. ELEC. CODE ANN. § 86.004 (West Supp. 2014). *See also* 1 TEX. ADMIN. CODE § 81.31 ("A list of declared write-in candidates shall be mailed with the other balloting materials to voters voting early by mail in the general election for state and county officers and all other elections that require candidates to file a declaration of write-in candidacy in order to have a vote counted for that candidate").

4

the date early in-person voting begins,[12] would be effective to serve his purpose and accommodate the election schedule. The statutes refute such a suggestion.

Moreover, relator's petition seems to suggest that this court's direction to Judge Ware to certify him as a write-in candidate would have the effect of placing him on the list of write-in candidates. As noted, the county judge is not the official who prepares balloting materials. It is unclear to us for that reason also that the relief relator has sought would have the effect he seeks.[13]

Second, appellate courts may not engage in fact-finding to rule on mandamus petitions. *Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 714 (Tex. 1990); *In re Jackson,* 14 S.W.3d 843, 846 (Tex. App.—Waco 2000, orig. proceeding). It was relator's burden to establish in his petition the facts entitling him to the relief sought. *See generally Johnson v. Fourth District Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding) (relator's burden to show entitlement to relief requested)

But relator's petition required us to engage in improper fact-finding. The petition had appended to it a copy of Judge Ware's August 21 letter, and invited us to speculate on the content of the election records the letter said Judge Ware had reviewed.[14] It

---

[12] The 2014 election calendar appears on the website for the Texas Secretary of State and is available at http://www.sos.state.tx.us/elections/voter/2014-important-election-dates.shtml.

[13] *See Dow Chem. Co. v. Garcia*, 909 S.W.2d 503, 505 (Tex. 1995) (quoting *Holcombe v. Fowler*, 118 Tex. 42, 9 S.W.2d 1028, 1028 (Tex. 1928) (mandamus will not issue "if for any reason it would be useless or unavailing").

[14] Relator's petition stated that relator had not seen the certified copies of McLennan County voting records. The petition did not explain why relator had not seen the records the county judge reviewed to conclude relator was ineligible, nor did it describe any efforts relator had undertaken to review them himself. *Cf. Cullar*, 320 S.W.3d at 566-67 (holding relators there attempted to bootstrap mandamus relief by proceeding to court before a demand for performance and a refusal).

further invited us to speculate on the manner in which the records had reached Judge Ware.[15] That we requested and received a response from Judge Ware does not cure the inadequacy of relator's petition.[16]

For those reasons and others unnecessary to discuss, we find relator is not entitled to mandamus relief. His petition is denied.

James T. Campbell
Justice

---

[15] The petition asserted that Judge Ware might himself have improperly acted as fact-finder, stating, "If [Judge Ware] procured the aforementioned copies of [relator's] election records by requesting the certified copies . . . to be sent to his office, then he acted as a fact finder. Inquiring into and seeking out records that are foreign to the application filed with his office are beyond [the judge's] authority . . . ."

[16] Judge Ware's response provides some information regarding the contents of the McLennan County records and shows they were provided to Judge Ware by the Honorable Gary L. Jackson, the incumbent Precinct Three Justice of the Peace. *See Cullar*, 320 S.W.3d at 566 (discussing requirement of review of public records "presented" to reviewing authority determining candidate eligibility). Consideration of the information in the response does not demonstrate relator's entitlement to mandamus relief.