**Denied and Opinion Filed February 28, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00197-CV

### IN RE KRISTI PENA, Relator

**Original Proceeding from the City of Irving**
**Dallas County, Texas**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Whitehill
Opinion by Justice Francis

Before the Court is relator's February 24, 2017 first amended emergency petition for writ of mandamus in which she complains of the Irving City Secretary's decision to reject relator's application and petition to appear on the May 6, 2017 general election ballot for the office of Irving mayor. The City Secretary rejected the application and petition because she was unable to validate that five people who signed the petition were registered voters in Irving. Without validating at least three of the five signatures, relator did not have the required thirty-six signatures to be placed on the ballot. Relator attached affidavits to the petition for writ of mandamus showing the five people at issue were registered voters in Irving when they signed the petition. Relator argues those individuals should be counted and validated. Relator seeks mandamus relief to direct the City Secretary to accept relator's application and petition, to certify her name on the ballot, and to redraw for ballot positions.

This Court has jurisdiction to consider relator's petition and to "compel the performance of any duty imposed by law in connection with the holding of an election ... regardless of

whether the person responsible for performing the duty is a public officer." TEX. ELEC. CODE ANN. § 273.061 (West 2010). To be entitled to mandamus relief, relator must establish (1) a legal duty to perform a non-discretionary act, (2) a demand for performance, and (3) a refusal to perform the non-discretionary act. *In re Cullar*, 320 S.W.3d 560, 563–64 (Tex. App.—Dallas 2010, orig. proceeding). This Court may not resolve factual disputes in a mandamus proceeding. *Id.* Further, "[a]ny constitutional or statutory provision which restricts the right to hold office must be strictly construed against ineligibility." *Id.* (quoting *Wentworth v. Meyer*, 839 S.W.2d 766, 767 (Tex. 1992) (orig. proceeding)).

Relator contends the affidavits submitted with the petition for mandamus conclusively demonstrate that relator met the requirements to be placed on the ballot and the City Secretary erroneously rejected relator's application and petition. But the record provided by relator does not show that the City Secretary was presented with the affidavits prior to relator filing this original proceeding. The mandamus record also does not show relator asked the City Secretary to accept the application and petition and to certify her name on the ballot in light of the affidavits and the City Secretary refused.

In a letter to the Irving City Attorney dated February 22, 2017, relator's counsel demanded that the City Secretary accept relator's application and put relator on the ballot. The letter has no attachments or enclosures, however, and the affidavits on which relator relies were signed the day after relator's counsel sent the letter. The letter does not support relator's contentions that he demanded action from the City Secretary or that the City Secretary refused the demand in the face of affidavit evidence confirming the validity of the challenged signature. *See, e.g., In re Cercone*, 323 S.W.3d 293, 297 (Tex. App.—Dallas 2010, no pet.) (holding letter sent challenging signatures on petition did not constitute a demand to not certify the real party in interest as a candidate).

Relator's failure to provide this Court proof that relator provided the City Secretary the affidavits, requested the City Secretary to accept the application and certify relator for the ballot in light of the affidavit testimony, and the City Secretary refused to comply, is fatal to her petition. *See In re Cullar*, 320 S.W.3d at 566 ("The 'appropriate authority' cannot make an administrative determination of whether the public record conclusively establishes ineligibility until after he has been presented with such records."); *see also In re Osborn*, No. 03-13-00272-CV, 2013 WL 9797298, at *2 (Tex. App.—Austin Apr. 30, 2013, orig. proceeding) (denying mandamus and holding that the court could not conclude that official failed to perform a duty imposed by law where relator failed to show that he presented public records purportedly supporting relator's arguments to the election official and did not show he demanded the official to declare the candidate ineligible and the official refused to comply).

Although the City Secretary would have a non-discretionary duty to accept relator's application in light of uncontroverted affidavit testimony confirming the voter status of the challenged signatures, that duty will not arise until relator presents the evidence to the City Secretary and asks the City Secretary to accept the application and petition, place relator on the ballot, and redraw for ballot position. *See In re Cullar*, 320 S.W.3d at 566; *see also* TEX. ELEC. CODE ANN. § 145.003(f),(g) (West 2010).

Accordingly, we deny relator's petition for writ of mandamus

/Molly Francis/
MOLLY FRANCIS
JUSTICE

170197F.P05

–3–