**DENY; and Opinion Filed April 27, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00407-CV

### IN RE SANDRA CRENSHAW, Relator

**Original Proceeding from the City of Dallas**
**Dallas County, Texas**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Boatright
Opinion by Justice Boatright

Before the Court is relator's April 24, 2017 first amended petition for writ of mandamus. This is the second original proceeding filed by relator in relation to the Dallas City Secretary's denial of relator's petition and application to be placed on the ballot as a candidate in the May 6, 2017 election for Dallas city council. We dismissed the prior proceeding because the appeal became moot before relator filed her petition. *In re Crenshaw*, No. 05-17-00330-CV, 2017 WL 1292013 (Tex. App.—Dallas Apr. 7, 2017, orig. proceeding) (mem. op.). In the current proceeding, relator acknowledges that any request that relator be placed on the ballot is moot. She instead asks that the Court order the city secretary to withdraw the declaration of ineligibility of relator to seek office. Relator maintains that the city secretary improperly declared relator ineligible based on relator's decision to provide an incorrect birth year on her application. Relator argues that she provided the city secretary relator's voter identification number to provide evidence of her eligibility to run for office and, as such, the city secretary had a

ministerial duty to withdraw the declaration or ineligibility. Relator seeks mandamus relief "to protect Relator's political career and in the interest of the public and avoid voter confusion."

This Court has jurisdiction to consider relator's petition for writ of mandamus and to "compel the performance of any duty imposed by law in connection with the holding of an election . . . ." TEX. ELEC. CODE ANN. § 273.061 (West 2010). Before we may issue a writ of mandamus, however, relator must have a clear legal right to performance of the act she seeks to compel, and the duty of the officer sought to be compelled must be one clearly fixed and required by the law. *In re Link*, 45 S.W.3d 149, 151–52 (Tex. App.—Tyler 2000, orig. proceeding). "Generally, entitlement to mandamus relief is subject to establishing three requisites: a legal duty to perform a non-discretionary act, a demand for performance, and a refusal." *In re Cullar*, 320 S.W.3d 560, 563–64 (Tex. App.—Dallas 2010, orig. proceeding).

Based on the record before us, we conclude that the city secretary did not have a legal duty to withdraw the declaration of ineligibility, and that withdrawing the declaration is not a non-discretionary act. We state no opinion regarding whether the city secretary's declaration of relator's ineligibility was correct, or whether she should or could withdraw the declaration of ineligibility. Instead, we conclude there is no legal requirement under this record that she withdraw the declaration of ineligibility. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

170407F.P05

–2–