

# NUMBER 13-19-00546-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE BELINDA DE LA FUENTE LONGORIA AND ROSS LONGORIA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Hinojosa and Tijerina
### Memorandum Opinion by Chief Justice Contreras[1]

Relators Belinda De La Fuente Longoria and Ross Longoria filed a petition for writ of mandamus in the above cause on October 22, 2019. Through this original proceeding, relators seek to compel the trial court to vacate various orders rendered by a visiting judge on grounds that the visiting judge had previously served as a mediator in the case.

"A party's right to mandamus relief generally requires a predicate request for some

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id. R.* 47.4 (distinguishing opinions and memorandum opinions).

action and a refusal of that request." *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding); *see Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding); *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990) (orig. proceeding); *In re Cullar*, 320 S.W.3d 560, 564 (Tex. App.—Dallas 2010, orig. proceeding). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see generally* TEX. R. APP. P. 52.3.

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest Rosalinda Saenz, and the applicable law, is of the opinion that the relators have not established their right to relief. In so ruling, we note that this case does not concern objections to the assigned judge under the government code. *See generally* TEX. GOV'T CODE ANN. § 74.053; *In re Canales*, 52 S.W.3d 698, 701

(Tex. 2001) (orig. proceeding); *see also In re Etheridge*, No. 13-19-00181-CV, 2019 WL 1576095, at *1 (Tex. App.—Corpus Christi Apr. 11, 2019, orig. proceeding) (mem. op.). We further note that our opinion in this original proceeding does not reach the merits of the issue presented here. Accordingly, we deny the petition for writ of mandamus without prejudice to further review of this issue, if any, by either appeal or original proceeding.

DORI CONTRERAS
Chief Justice

Delivered and filed the
12th day of November, 2019.