**Concurring Opinion Filed February 23, 2021**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00106-CV

### IN RE DAVID PALMER, Relator

### Original Proceeding from the City of Irving
### Dallas County, Texas

## CONCURRING OPINION
Opinion by Justice Schenck

I join my colleagues in the result in this case, though I may do so on somewhat narrower grounds. I write separately to express my concern that prior panel precedent, *In re Cullar*, which controls our treatment of writ applications in election matters and reflects our practices in writ matters generally, applied a standard that is too restrictive. 320 S.W.3d 560 (Tex. App.—Dallas 2010, orig. proceeding).

In *Cullar,* this Court held that the failure to include an exhibit in the appendix accompanying a petition for writ of mandamus demonstrating that a request to remove a candidate from the election ballot had been made to and refused by the election official was fatal to the petition itself. *Id.* at 568. Thus, where the fact of the request and denial is referenced in the petition, but not proved by the mandamus

record, we are obliged to deny the petition, rather than treating the omission as a defect that may be cured. *Cf.* TEX. R. APP. P. 44.3 (governing defects related to "an appeal"). Our mandamus jurisprudence treats the absence of *proof* of the request and refusal as necessary to the processing of the petition, rather than a matter of form that might be rectified by a telephone call and supplementation of the record, for example.

Putting aside any question over the application of Rule 44.3 in the mandamus context, I note that Rule 52.3(k) speaks explicitly to the contents of the appendix, separating what is "necessary" from what is "optional" in the process. TEX. R. APP. P. 52.3(k). I do not see our practice in *Cullar,* insofar as it relates to urgent election matters (or any other cases), listed among those matters that are "necessary." As I have expressed concern elsewhere over our election jurisprudence lacking both the alacrity and the force to permit us to acquit ourselves of the serious task that lies before the state courts, particularly after the Supreme Court's decision in *Shelby County, Alabama v. Holder*, 570 U.S. 529 (2013), I will not repeat them here.[1] As this panel is bound by *Cullar,* I concur in the result.

---

[1] *In re Bishop*, No. 05-18-01333-CV, 2020 WL 1074583, at *11 (Tex. App.—Dallas March 6, 2020, orig. proceeding) (Schenck, J., concurring) (expressing concern that revision of election primary date combined with under-developed mootness principles has resulted in Election Code being substantively unenforced by Texas appellate courts for several decades); *Bickham v. Dallas Cty.*, 612 S.W.3d 663, 677–79 (Tex. App.—Dallas 2020, pet. filed) (Schenck, J., dissenting) (expressing concern over holding that poll watchers lack standing to complain of obstruction of ability to observe).

Separately, I understand the petition here to be subject to a second, more substantive deficiency that may be said to compel denial—that the decision whether to include or exclude candidate Webb from the ballot is discretionary, rather than ministerial. As I understand the challenge here, it relates to the fact of Webb's prior service as a member of the city council and by the dates of that service. As both of these matters are addressed by the governing substantive law and, insofar as any court proceedings are concerned, would be subject to resolution by judicial notice of the public record of the service and the calendar, I do not believe that a local election official would be empowered as a matter of discretion to ignore either. *Willis v. Potts,* 377 S.W.2d 622 (Tex. 1964) (granting mandamus based on allegations in petition and operative constitutional and statutory provisions). The conduct of our elections in accordance with the rules laid down in advance of their happening is not a matter for local discretion, as I understand it, and our courts should be open and available on a timely basis to assure compliance. *See Bickham v. Dallas Cty.*, 612 S.W.3d 663, 676 (Tex. App.—Dallas 2020, pet. filed) (Schenck, J., dissenting).

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210106CF.P05