

# Fourth Court of Appeals
## San Antonio, Texas

**DISSENTING OPINION**

No. 04-22-00016-CV

**IN RE** Michele Carey **GARCIA**

Original Mandamus Proceeding[1]

Opinion by:   Beth Watkins, Justice
Dissenting Opinion by: Rebeca C. Martinez, Chief Justice

Sitting:      Rebeca C. Martinez, Chief Justice
             Patricia O. Alvarez, Justice
             Beth Watkins, Justice

Delivered and Filed: January 14, 2022

Because I disagree with the majority's holding that the trial court committed a clear abuse of discretion, I dissent.

This case addresses the statutorily required information that must be included in relator's "Application for a Place on the General Primary Ballot" (hereinafter "Application").  In all cases, a candidate verifies the information provided in an application, identifying "the office sought, including any place number or other distinguishing number[.]"  TEX. ELEC. CODE ANN. § 141.031(a)(4)(C).  As the majority recognizes, the Texas Election Code "provides that where a place designation is required, the omission of such designation will render a candidate's *application* and supporting petitions invalid."  (emphasis added).  The relevant issue before this

---

[1] This proceeding arises out of Cause No. 2021-CI-26103, styled *Rogelio Lopez, Jr. v. Monica Alcantara, Michele Carey Garcia and Albert Whitby*, pending in the 225th Judicial District Court, Bexar County, Texas, the Honorable John D. Gabriel, Jr. presiding.

Court is whether "Place 1" is integral to the statutorily required place designation for the office sought by relator within Precinct 4.

An application must be accompanied by the required filing fee and, at times, a "nominating petition" with a required number of valid signatures. *See* TEX. ELEC. CODE ANN. § 172.021 (stating that "[a]n application must, in addition to complying with Section 141.031, be accompanied by the appropriate filing fee or a petition in lieu of the filing fee that satisfies the requirements prescribed by Section 141.062."); *see also id.* § 141.062 (providing requirements that must be met in order for a petition to be valid, including "valid signatures in the number required by this code"). Because any alleged defect on an accompanying petition is not at issue here, the majority's analysis directed at the petition and reliance on *In re Francis*, 186 S.W.3d 534, 539 (Tex. 2006) (orig. proceeding) is inapposite. *See id.* at 543 (granting mandamus relief when signatures in support of candidate were invalid on pages of petition accompanying an application). As real party in interest Judge Rogelio Lopez, Jr. argued below and here, the cases relied upon by relator do not speak directly to the mandatory provisions of the Texas Election Code under 141.032(c). *See* TEX. ELEC. CODE ANN. § 141.032(c) (providing procedures for review of an application and stating that a petition accompanying an application "is not considered part of the application for purposes of determining compliance with the requirements applicable to each document"); *id.* § 141.031 (requiring that an application "must" contain requirements in (a)(1)–(4)); *see also Francis*, 186 S.W.3d at 547 (Wainwright, J., dissenting) ("Mandatory requirements in the Election Code can work harsh consequences that may result in applicants not being placed on the ballot; yet the plain language of the Election Code, frequently couched in terms of "must" and "shall," instructs that candidates include all of the listed elements in their applications and petitions.").[2]  In this case,

---

[2] Relator relies on *In re Bell*, 91 S.W.3d 784, 785 (Tex. 2002) (orig. proceeding), which is inapposite.  In that case, the Texas Supreme Court held that the omission of signers' cities of residence or zip codes from their addresses on a

section 141.031 of the Texas Election Code provides mandatory language stating a candidate's application "must . . . include . . . the office sought, including any place number or other distinguishing number," and relator's Application did not have this information. TEX. ELEC. CODE ANN. § 141.031(a)(4)(C).

Our review is limited to determining whether the trial court clearly abused its discretion in rejecting the validity of relator's Application and enjoining respondents from placing her name on the ballot for the March 2022 Primary Election. We must ask: could the trial court have reached only one conclusion in deciding whether relator's designation of office sought complied with the statutory mandate under Section 141.031(a)(4)(C)? *See Wentworth v. Meyer*, 837 S.W.2d 148, 151 (Tex. App.—San Antonio 1992, orig. proceeding) ("A relator who attacks the ruling as an abuse of discretion has the heavy burden to establish, under the circumstances of the case, that the facts and law permit the trial court to make but one decision."); *see also* TEX. ELEC. CODE ANN. § 141.031(a)(4)(C) (requiring identification of "the office sought, including any place number or other distinguishing number"). In other words, could the trial court conclude only that "Justice of the Peace, Precinct 4, Place 1" was no longer a political office for purposes of the ballot, replaced by just "Justice of the Peace, Precinct 4"? No; the trial court's determination that "Place 1" was still a required part of the office's identification was not a clear abuse of discretion.

Our review on mandamus may not extend beyond the Application itself. *See In re Barnett*, 207 S.W.3d 326, 328 (Tex. 2006) (orig. proceeding) (holding relator provided sufficient information in his application to allow respondents to determine he resided in a certain district,

_____

petition did not render the petition signatures invalid. The Court noted that the relevant statute which defined a signature's validity, Section 141.063, did not contain mandatory language and the Code allowed such omission because it stated that omitting certain information in the definition of "residence address" does not invalidate a signature. *See* TEX. ELEC. CODE ANN. § 141.063(d) (stating "omission of the state from signer's residence address does not invalidate a signature unless the political subdivision from which the signature is obtained is situated in more than one state" and "the omission of the zip code from the address does not invalidate a signature.").

based on "the four corners of the application."). However, were we permitted to consider the evidence beyond the Application, the evidence was neither uncontroverted nor dispositive as to whether "Place 1" was eliminated as a necessary place designation. *See In re Cullar*, 320 S.W.3d 560, 568 (Tex. App.—Dallas 2010, no pet.) (orig. proceeding) ("We may not resolve factual disputes in a mandamus proceeding."). The record before us reveals a dispute of facts relevant to the dispositive issue, which only the trial court is permitted discretion to weigh and resolve. *See id.* The mandamus record reflects controverting evidence to the issue of whether the place number "Place 1" was eliminated for the office designation of "Justice of the Peace, Precinct 4, Place 1", including: 1) the general election ballot of November 2018, which reflects the subject office designation officially remained as "Justice of the Peace, Precinct 4, Place 1"; 2) relator's judicial campaign treasurer appointment, wherein as a candidate relator identifies the office sought as "Justice of the Peace, Precinct 4, Place 1"; and 3) a 2017 order of the Commissioner's Court eliminating the service of a part-time justice of the peace serving at a place designated as "Precinct 4, Place 2." The order is silent to the issue of whether the subject office sought at "Place 1" was eliminated or re-designated as no longer having a "place number," and itself presents no evidence to support a finding that the place number "Place 1" was removed for the office of "Justice of the Peace, Precinct 4" on the ballot. On this record, relator is unable to satisfy her burden to show the trial court committed a clear abuse of discretion in granting injunctive relief.

Accordingly, I would deny relator's petition because she has not met her high burden to show that she is entitled to mandamus relief as a matter of law.

Rebeca C. Martinez, Chief Justice