**Dismiss in part and deny in part and Opinion Filed August 23, 2024**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-01000-CV

## IN RE DALLAS HERO AND CATHY CORTINA ARVIZU, Relators

### Original Proceeding from Dallas County, Texas

## MEMORANDUM OPINION
Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Smith

Before the Court is relators' August 21, 2024 petition for writ of mandamus.

Relators initiated this original proceeding pursuant to § 273.061(a) of the Texas Election Code. Relators challenge the language of three propositions that will be included on the ballot for the November 5, 2024 election relating to proposed amendments to the City of Dallas's Charter, and relators challenge the inclusion of a fourth proposition that they contend is in direct contravention of the three amendments relators proposed. Relators ask this Court to (1) compel "the City Council and/or City Secretary to promptly adopt the proposed ballot language as stated in the original Petitions for Charter Amendments for all three of Relators' Propositions at the November 5, 2024, election"; (2) compel "the City Council

[and/or] City Secretary to strike and remove the City's Counter Propositions that contradict all three of Relators' Original Propositions from the ballot in the November 5, 2024, election"; (3) order "an injunction enjoining the City Council and/or City Secretary from printing ballots, pending the resolution of this mandamus"; (4) grant relators' attorneys' fees, compensatory damages, punitive damages, and costs of suit; and (5) grant any other relief.

To the extent relators request a writ of injunction, we dismiss the petition for want of jurisdiction. We lack jurisdiction to grant any sort of writ other than a writ of mandamus in an original proceeding under the election code. *See* TEX. ELEC. CODE ANN. § 273.061(a); *In re Wernick*, 05-24-000524-CV, 2024 WL 2965228, at *1 (Tex. App.—Dallas May 3, 2024, orig. proceeding) (mem. op.); *see also* TEX. GOV'T CODE ANN. § 22.221.

To the extent relators request any other relief, we deny relators' petition. Relators' petition does not comply with rule 52 of the Texas Rules of Appellate Procedure. *See, e.g.*, TEX. R. APP. P. 52.3(g) (requiring every statement of fact in the petition to be supported by citation to competent evidence included in the appendix or record); TEX. R. APP. P. 52.3(h) (requiring petition to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record); TEX. R. APP. P. 52.3(k)(1)(A) (requiring an appendix to contain a certified or sworn copy of any order complained of, or any other document showing the matter complained of); *see also Walker v. Packer*, 827 S.W.2d 833, 837

(Tex. 1992) (orig. proceeding) (stating relators bear the burden of providing the Court with a record that is sufficient to establish their right to mandamus relief); *In re Cullar*, 320 S.W.3d 560, 565, 567 (Tex. App.—Dallas 2010, orig. proceeding) (applying rule 52 to mandamus petition filed pursuant to the election code).

Additionally, even if we reviewed the petition and record before us, we conclude relators failed to demonstrate entitlement to mandamus relief. Accordingly, we deny the petition. *See* TEX. R. APP. P. 52.8(a).

Also before the Court is relators' August 22, 2024 emergency motion for temporary relief. We deny the emergency motion as moot.

Because of the apparent limited time remaining as to certain deadlines identified by relators with regard to the general election, no motion for rehearing will be entertained.

/Craig Smith/
CRAIG SMITH
JUSTICE

241000F.P05