# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00542-CV

### In re The Honorable Richard "Opey" Watkins

---

### ORIGINAL PROCEEDING FROM MILAM COUNTY

---

### D I S S E N T I N G   O P I N I O N

I respectfully dissent.

The majority correctly states that the supreme court has held that mandamus relief is available in the narrow circumstance when a duly nominated candidate who would otherwise be entitled to a place on the ballot faces elimination from a race because of an election official's failure to perform a nondiscretionary act through no fault of the candidate's. *See Davis v. Taylor*, 930 S.W.2d 581 (Tex. 1996). But the majority turns a blind eye to the fact that, in the present case, the evidence Watkins has presented to this Court to support mandamus relief demonstrates that he was not in fact duly nominated. *Davis* is therefore inapplicable.

Election Code section 145.036 addresses the manner in which a party can fill a vacancy in a nomination when a candidate withdraws on or before the 74th day before election day. That section provides that (1) the political party's "state, district, or precinct executive committee" may nominate a candidate to fill the vacancy in the nomination, Tex. Elec. Code § 145.036(a), (2) a majority of the committee's membership constitutes a quorum, and (3) to be nominated, a person must receive "a favorable vote of a majority of the members present," *id*. § 145.036(d). Since

Watkins asserts that he is the Republican replacement nominee for Milam County Commissioner, Precinct 1, he was required under the *Davis* exception to prove that he was duly nominated by the Precinct 1 Executive Committee. Because Precinct 1 has only two election precincts, however (Precinct 101 and Precinct 105), the Milam County Republican Executive Committee *as a whole* is required to act as the Precinct 1 Executive Committee. *See id.* § 171.073 ("The precinct executive committee for a commissioners precinct . . . containing fewer than three county election precincts consists of the county executive committee, with the county chair serving as chair of the precinct committee."). Thus, Watkins's nomination was required to be made by the entire Milam County Republican Executive Committee, acting as the Precinct 1 Executive Committee.

The mandamus record reflects that the Milam County Republican Party called a meeting of its County Executive Committee for the purpose of nominating a replacement candidate for the position of Milam County Commissioner, Precinct 1. The minutes from that meeting state that in attendance were five of the six current Milam County Republican Party Election Precinct Chairmen as well as Whitmire, the County Executive Committee Chairman. Thus, a total of six members of the County Executive Committee were present. The minutes further reflect, however, that only three members of the Executive Committee voted on the matter, all three voting for Watkins. Those members who voted were the Chairmen for Election Precincts 101 and 105 and Whitmire. For reasons that remain unclear, the other County Executive Committee members who were present did not vote. Consequently, Watkins did not, as the statute requires, "receive a favorable vote of a majority of the members present." *Id.* § 145.036(d). Thus, Watkins's own

2

evidence shows that he was not duly nominated as a replacement candidate to fill the vacancy in the Republican Party's nomination for Milam County Commissioner, Precinct 1.

In the majority's view, however, we may not consider the propriety of Watkins's nomination because the Election Code "does not authorize an election administrator to make her own inquiry into the underlying validity of the certificate." Slip op. at 5 (citing *In re Cercone*, 323 S.W.3d 293, 297 (Tex. App.—Dallas 2010, orig. proceeding), for the proposition that an election administrator may not inquire into validity of certificate). The majority ignores the procedural posture of this case. The Milam County Clerk did not question the *validity* of Watkins's certificate but rejected it solely because it was untimely. Watkins has now come to this Court and, relying on *Davis*, seeks mandamus relief on the ground that he is a duly nominated replacement nominee whose candidacy was not properly certified through no fault of his own. In this procedural context, it is Watkins's burden to demonstrate his entitlement to mandamus relief, and therefore it is he, not the Milam County Clerk, who has put the validity of his nomination in issue. The evidence Watkins presented to support his right to the relief he seeks, under the authority he relies on, falls short. The essential underpinning for the supreme court's grant of mandamus relief in *Davis* was the compelling interest of a duly nominated candidate to appear on the ballot when he is threatened with being omitted from the ballot through no fault of his own. For that reason, the court did not require strict adherence to the statutory deadline for certifying candidates. Because I believe this Court is not free to expand the narrow exception recognized by the supreme court in *Davis*, I would deny the petition. Accordingly, I respectfully dissent.

3

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Filed:   September 16, 2014