# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00542-CV

**In re Richard "Opey" Watkins**

## ORIGINAL PROCEEDING FROM MILAM COUNTY

## O P I N I O N

In this original proceeding, Richard "Opey" Watkins seeks mandamus relief to have his name placed on the ballot as the Republican nominee for Milam County Commissioner, Precinct 1 (unexpired term). Respondent William A. Whitmire, Chair of the Milam County Republican Executive Committee, is responsible for certifying the party's nominee to the county clerk following a replacement nomination. *See* Tex. Elec. Code § 145.037. Respondent Barbara Vansa, Milam County Clerk, is responsible for accepting the certification and having the ballots prepared. *See id.* § 52.003. Watkins asks this Court to compel Whitmire to certify his name as the Republican nominee for Milam County Commissioner, Precinct 1 (unexpired term) and Vansa to accept the certification and place Watkins's name on the 2014 general election ballot. We conditionally grant the relief requested.

## BACKGROUND

Following the late June resignation and withdrawal from the ballot of the former Milam County Commissioner, Precinct 1, Watkins was appointed by the Milam County Judge to

serve in that position until it is filled by way of the general election. With no Democrat or Republican nominee in place due to the timing of the former commissioner's withdrawal, both county political party executive committees had the opportunity to nominate replacement nominees for voters' consideration in the general election. *See id*. §§ 145.036, 171.073. The Texas Election Code provision governing replacement nominations requires each respective party executive committee to certify that party's nominee before 5:00 p.m. on the 71st day before the general election—in this instance, to Vansa, the county clerk, by August 25, 2014. *See id*. § 145.037(e). The Milam County Democratic Chair submitted the certification before this deadline. Respondent Whitmire, the Milam County Republican Chair, failed to submit the certification before the deadline.

When Watkins learned that Whitmire had not submitted the paperwork certifying him as the party's replacement nominee, Watkins made demand on Whitmire to do so. On August 27, 2014, two days after the deadline, Whitmire presented to Vansa a form prescribed by the Texas Secretary of State, Certificate of Replacement Nomination, naming Watkins as the Republican Party's nominee for the ballot. On the sworn nomination form, Whitmire certifies that Watkins is the Republican Party of Milam County's selection as the replacement nominee, having been "nominated by a favorable vote of a majority of the members present" with a quorum in attendance.

Vansa refused to accept the certification and returned it to Whitmire. The next day, Watkins made written demand on Vansa to accept the certification delivered by Whitmire. Vansa responded by written letter, rejecting the certificate on the sole ground that it was not timely delivered, citing section 145.037(e) of the Election Code, and refusing to retain copies of the relevant documents. *See id*. This mandamus proceeding followed.

2

## ANALYSIS

This Court has jurisdiction under the Texas Election Code to consider Watkins's petition for writ of mandamus and to "compel the performance of any duty imposed by law in connection with the holding of an election . . . regardless of whether the person responsible for performing the duty is a public officer." *See id.* § 273.061. Before we may issue a writ of mandamus, Watkins must have a clear legal right to performance of the acts he seeks to compel, and the duties of the persons sought to be compelled must be clearly fixed and required by the law. *See In re Cercone*, 323 S.W.3d 293, 295 (Tex. App.—Dallas 2010, orig. proceeding).

Section 52.003 of the Election Code provides that the authority responsible for having the official ballot prepared, in this instance, County Clerk Vansa, "shall have placed on the ballot the name of each candidate . . . whose entitlement to placement on the ballot has been lawfully certified to the authority." Tex. Elec. Code § 52.003(a)(2). As chair of the Milam County Republican Executive Committee, Whitmire was required by law to certify Watkins's nomination to the County Clerk in a timely manner. *See id.* § 145.037(a); *Davis v. Taylor*, 930 S.W.2d 581, 583 (Tex. 1996). When presented with a facially compliant certificate of nomination from Whitmire, Vansa had no discretion to reject it; she had a ministerial duty to accept it. *See* Tex. Elec. Code § 52.003(a)(2); *Davis*, 930 S.W.2d at 583 (focusing on plain statutory language that chairman "must certify" and affirming "mandatory nature of the important duties placed upon election officials by section 145.037 of the Election Code").

The Texas Supreme Court has "declined to require rigid adherence to statutory deadlines when a candidate otherwise entitled to a place on the ballot faces elimination from a race

3

because of an election official's failure to perform a nondiscretionary duty through no fault of the candidate." *Davis*, 930 S.W.2d at 583. On that principle, we are to construe deadlines in the Election Code broadly in favor of eligibility and access to the ballot so that decisions are made by voters, not technicalities. *Id*. Although Whitmire's filing missed the Election Code deadline by two days, Texas precedent guides us to allow the late filing in the interest of the candidate, who had no fault in the missed deadline, and the voters, who have a significant interest in ballot access and electing candidates of their choosing. *See id.* Thus, we hold that Watkins is entitled to mandamus relief against Whitmire, who shall immediately re-present the Certificate of Replacement Nomination to Vansa, and against Vansa, who shall immediately comply with section 52.003 and accept the certificate. Once Vansa accepts the certificate, the certification will be deemed timely. *See Davis*, 930 S.W.2d at 584.

Vansa's letter rejecting Whitmire's certification cited timeliness as the sole reason for her refusal to accept the filing. In her sur-reply to this mandamus petition, Vansa asserts for the first time her theory that Watkins is not the lawfully nominated replacement nominee and has no right to a writ compelling her to place his name on the ballot. Vansa now seeks to justify her refusal to file the certificate by questioning the underlying procedures followed by the Milam County Republican Party Executive Committee in the course of nominating Watkins as their replacement candidate. *See* Tex. Elec. Code § 145.036. The dissent would now require Watkins to prove up the factual details of the process leading to his certification as the replacement nominee, scrutinizing meeting minutes underlying the facially complete Certification of Replacement Nominee. Watkins contends that this does not raise a fact issue precluding mandamus. We agree. Our inquiry in this

4

matter is a question of as law to whether Vansa has a ministerial duty to accept a facially complete filing. The Election Code requires Vansa to accept a facially complete certificate—it does not authorize an election administrator to make her own inquiry into the underlying validity of the certificate. *See id*. § 52.003; *In re Cercone*, 323 S.W.3d at 297 ("If [election administrator] believes that the certification of [the nominee] was unlawful, there is nothing that he, acting on his own authority, can do about it."); *cf. State Democratic Exec. Comm. v. Rains*, 758 S.W.2d 227 (Tex. 1988) (challenge to certification by Democratic Party Executive Committee). Absent a determination by an appropriate authority that certification of Watkins was unlawful, Vansa's duty to place the certified replacement nominee on the ballot is fixed. *See In re Cercone*, 323 S.W.3d at 298.

**CONCLUSION**

We conditionally grant the petition for writ of mandamus against Whitmire and Vansa. Whitmire has advised this Court that he stands willing to re-submit the Certificate of Replacement Nomination to Vansa. The writ will not issue unless Whitmire fails to promptly do so or Vansa fails to notify the Clerk of this Court, in writing by fax or e-mail, upon receipt of this opinion that she has accepted the certificate and placed Watkins's name on the ballot.[1]

---

[1] Subject to Vansa's compliance with this order, we dissolve our prior order directing her not to print or mail any ballots until further order of this Court.

5

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin
  Dissenting Opinion by Chief Justice Jones

Filed:   September 16, 2014