# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00433-CV

---

**Bill Goodwin, Appellant**

**v.**

**Courtney Hohl, Appellee**

---

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-004358, THE HONORABLE DON R. BURGESS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This appeal arises from a dispute over a seat on Bee Cave's city council. Appellant Bill Goodwin was serving a two-year term of office as an elected member of city council when, on June 19, 2020, his fellow councilmembers unanimously voted to remove him from office for purported violations of the City Charter. He filed suit to try title to the seat and now argues that the district court erroneously dismissed his case for want of jurisdiction. Appellee Courtney Hohl, elected to Goodwin's seat shortly after his removal, contends the case was properly dismissed because only the Attorney General has standing to pursue a suit to try title to a public office. Agreeing with Hohl that Goodwin cannot establish the district court's jurisdiction over his suit, we will affirm.

## BACKGROUND

The parties describe the material facts as undisputed. Goodwin, a sitting councilmember at the time, was reelected to a two-year term on city council on May 12, 2020. A

month later, his fellow councilmembers voted unanimously to remove him from his seat for having allegedly violated provisions of the City Charter during his previous term in office. Specifically, councilmembers alleged that Goodwin had violated Section 4.02 of the City Charter, which stipulates that "[n]o member of the Council, including the Mayor, shall give orders to any subordinate of the City Manager, either public or privately." *See Bee Cave, Tex.*, *City Charter* § 4.02 (2016). Goodwin had sent certain emails regarding city council's approach to the nascent COVID-19 pandemic, and the councilmembers believed those communications violated this provision. Thus, acting pursuant to Section 3.03(C)(2), which provides that a councilmember "shall forfeit office if that person . . . violates any express prohibition of this Charter," the councilmembers voted to remove Goodwin from office. *See id*. § 3.03(C)(2). The City then scheduled a special election for November 3, 2020, to find a replacement to serve the remainder of Goodwin's term. But in August, with the registration deadline having passed and Courtney Hohl as the only candidate registered to appear on the ballot, the City declared Hohl duly elected to the seat. She was sworn in on November 6, 2020.

Goodwin responded to these developments with two lawsuits. First, Goodwin sued the mayor and the councilmembers in Travis County district court, arguing that the provisions relied upon for his removal are facially unconstitutional and unconstitutional as applied, and that the removal violated his right to due process. That case is currently pending before this Court as cause No. 03-21-00293-CV.

While that case was still pending at the trial court but before Hohl had taken the oath of office, Goodwin filed a second suit in Travis County district court, this time suing Hohl on allegations that she "claims title to the position for the remainder of the 2-year term to which Goodwin was elected and sworn into office" and seeking to "enjoin Hohl from taking the office

2

until the title to the office is determined by the Court." Although Goodwin's legal theories are not entirely clear, his petition describes his claim as "a claim for mandamus to try title to office." As relief, Goodwin sought the injunction and "findings" that

- Bee Cave Charter § 3.03(C)(2) is inapplicable to alleged violations of the Charter that occurred before the Council Member's current term of office, and, as result, Goodwin's removal from the Council is void, a nullity, as are all subsequent actions taken by the City, e.g., calling the election to fill the "vacancy" and attempt to install Hohl in Goodwin's office as well as Hohl's claim to be elected to an office that is not vacant;

- if the Council's interpretation and application of Charter § 3.03(C)(2) on June 17, 2020[,] does grant authority, as applying to an alleged violation of the Charter that occurred before the Council Member's current term of office, then that Charter section constitutes an unconstitutional ex post facto law, under Tex. Const. art. I, § 16, that cannot be applied retroactively to Goodwin's acts prior to this current term of office commencing on May 12, 2020. Therefore, the Council's removal action is void;

- if City Charter section 3.03(C)(2) did authorize the Council to remove Goodwin from his current term of office for an act that occurred in a prior term, then the Charter section is unconstitutionally vague, under Tex. Const. art. I, § 19, as applied to actions occurring before Goodwin's current term of office, and, therefore, the Council's removal action dependent on § 3.03(C)(2) is void; and

- he, not Defendant Hohl, is the rightful occupant of the City council seat to which Goodwin took office on May 12, 2020[,] for a two-year term.

And while Goodwin styled his claim as one for mandamus relief, it is unclear from his petition which public official Goodwin seeks mandamus relief from or what he is asking the district court to order that official to do.

In lieu of an answer, Hohl filed a plea to the jurisdiction asserting that a claim to try title to the seat must be brought by the Attorney General or county or district attorney through a quo warranto action. As part of her plea, Hohl stipulated that she does, in fact, lay claim to the

3

seat on city council. Goodwin filed a response the next day, and the district court sustained the plea the following day, dismissing Goodwin's suit with prejudice and rendering a take-nothing judgment against him. Goodwin timely filed this appeal.

**DISCUSSION**

Goodwin raises three issues on appeal: first, he argues that the district court erred by sustaining Hohl's plea to the jurisdiction; second, he contends the district court should have held that the City Charter does not authorize removal under these circumstances or, in the alternative, that the provisions relied upon by the council to remove him are unconstitutional facially or as applied; and third, he asks this Court to "issue an order stating that Goodwin continues to hold title to his Council seat and is entitled to occupy that seat and exercise its functions." We will begin, as we must, with jurisdiction. *See Texas Ass'n of Bus. v. City of Austin*, 565 S.W.3d 425, 431 (Tex. App.—Austin 2018, pet. denied).

Subject matter jurisdiction is essential to a court's power to hear and decide a case. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–554 (Tex. 2000). As the plaintiff, Goodwin bears the burden to establish the district court's jurisdiction over the subject matter of his case, and standing is a component of subject matter jurisdiction. *See Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012); *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443–45 (Tex. 1993); *Save Our Springs All., Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 878 (Tex. App.—Austin 2010, pet. denied). Because the presence or absence of jurisdiction is a question of law, we review a ruling on a plea to the jurisdiction de novo. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

When evaluating jurisdiction, "we first look to the pleadings to determine if jurisdiction is proper, construing them liberally in favor of the plaintiffs and looking to the

4

pleader's intent." *City of Waco v. Kirwan*, 298 S.W.3d 618, 621 (Tex. 2009) (citing *Miranda*, 133 S.W.3d at 226). We do not adjudicate the substance of the case but instead determine whether a court has the power to reach the merits of the claim. *Blue*, 34 S.W.3d at 554; *City of Houston v. Southern Elec. Servs., Inc.*, 273 S.W.3d 739, 744 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). If the pleadings do not contain sufficient facts to demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, the plea may be sustained without allowing the plaintiff an opportunity to amend his pleadings. *Id*. at 227.

Here, both Goodwin and Hohl correctly recognize that a suit to try title to a public office, but for a very few exceptions, must generally be brought by the Attorney General or a county or district attorney as a quo warranto action. "A writ of quo warranto is an extraordinary remedy available to determine disputed questions about the proper person entitled to hold a public office and exercise its functions." *State ex rel. Angelini v. Hardberger*, 932 S.W.2d 489, 490 (Tex. 1996); *see also State ex rel. Patterson v. Garcia*, No. 04-05-00001-CV, 2005 WL 605388, at *1 (Tex. App.—San Antonio Mar. 16, 2005, no pet.) (mem. op.) ("The purpose of a quo warranto action involving officeholders is to determine disputed questions concerning the proper person entitled to hold a public office and exercise its functions.").

Quo warranto proceedings are governed by Chapter 66 of the Civil Practice and Remedies Code, which allows, in relevant part, an action to be brought where "a person usurps, intrudes into, or unlawfully holds or executes a franchise or an office, including an office in a corporation created by the authority of this state." *See* Tex. Civ. Prac. & Rem. Code § 66.001(1).

5

The chapter further provides, "If grounds for the remedy exist, the attorney general or the county or district attorney of the proper county may petition the district court of the proper county or a district judge if the court is in vacation for leave to file an information in the nature of quo warranto." *See id.* § 66.002. As our sister court has explained, "[T]he plain and unambiguous language of the quo warranto statute confers standing to lodge such a challenge on the State, not a private litigant." *See Orix Capital Mkts., LLC v. American Realty Tr., Inc.*, 356 S.W.3d 748, 754 (Tex. App.—Dallas 2011, pet. denied). "Subject to a small number of exceptions, quo warranto is the exclusive remedy for the public to protect itself against the usurpation or unlawful occupancy of a public office and to challenge the authority of a public officer." *Robinson v. Neeley*, 192 S.W.3d 904, 909 (Tex. App.—Dallas 2006, no pet.); *accord In re Osborn*, No. 03-13-00314-CV, 2013 WL 2157712, at *1 (Tex. App.—Austin May 15, 2013, orig. proceeding) (mem. op.); *Rivera v. City of Laredo*, 948 S.W.2d 787, 790 (Tex. App.—San Antonio 1997, writ denied); *Vick v. City of Waco*, 614 S.W.2d 861, 864 (Tex. App.—Waco 1981, writ ref'd n.r.e.).

Goodwin recognizes that he has no standing to bring quo warranto proceedings. *See Orix Capital*, 356 S.W.3d at 754. He contends, however, that his suit falls into one of the exceptions to the quo warranto requirement to try title to office, namely a purported exception allowing suits to try title to be brought by petition for writ of mandamus. Yet mandamus jurisdiction will not lie where relief may be sought through quo warranto. *See Lewis v. Drake*, 641 S.W.2d 392, 394 (Tex. App.—Dallas 1982, no writ). In arguing the contrary, Goodwin relies heavily on *Ramirez v. Flores*, 505 S.W.2d 406 (Tex. App.—San Antonio 1973, writ ref'd n.r.e.). But even the *Ramirez* court observed that "[a]s a general rule, quo warranto and not mandamus is a proper remedy to try title to a public office." *See id*. at 411. The court indicated

6

that mandamus may lie where "title to the office [is] incidentally involved" in the dispute, *id.*, which, in its case, was whether the county clerk owed Flores any salary for his alleged service as a county commissioner, *id.* at 408. *See also Estrada v. Adame*, 951 S.W.2d 165, 167 (Tex. App.—Corpus Christi 1997, no pet.) (allowing mandamus action to proceed and finding quo warranto unavailable where candidate sought to compel clerk to conduct runoff election). And at least one court has held that mandamus will lie where the attorney general and local public attorneys decline to pursue a requested quo warranto action. *See In re Jones*, 978 S.W.2d 648, 652 (Tex. App.—Amarillo 1998, orig. proceeding [mand. denied]). In Goodwin's case, however, there is nothing "incidental" about the question of title to the office. Indeed, it is the very crux of the dispute. And there is no indication that Goodwin made a request for quo warranto consideration but had that request denied. Quo warranto is therefore the exclusive procedural vehicle by which the courts can determine the rightful holder of the disputed seat on city council.

And even assuming, arguendo, that Goodwin's challenge falls into the narrow exception allowing certain suits to try title to be brought by mandamus, Goodwin has not invoked the district court's mandamus jurisdiction here. "A writ of mandamus is a judicial writ directed at an individual, official, or board to whom it is addressed to perform some specific legal duty to which the relator is entitled under legal right to have performed." *In re Kuster*, 363 S.W.3d 287, 290 (Tex. App.—Amarillo 2012, orig. proceeding) (citing *Crowley v. Carter*, 192 S.W.2d 787, 790 (Tex. App.—Fort Worth 1946, orig. proceeding)). To invoke the district court's mandamus jurisdiction, Goodwin would have had to identify "a clear legal right to performance of the acts he seeks to compel, and the duties of the persons sought to be compelled must be clearly fixed and required by the law." *See In re Watkins*, 465 S.W.3d 657, 659 (Tex.

7

App.—Austin 2014, orig. proceeding) (citing *In re Cercone*, 323 S.W.3d 293, 295 (Tex. App.—Dallas 2010, orig. proceeding)). Here, Goodwin did not name any defendant subject to the district court's mandamus authority. In other words, there is no one to whom the court might issue a writ. As a consequence, even assuming mandamus is a proper vehicle for pursuing the relief Goodwin seeks, he has not invoked the mandamus jurisdiction of the district court. *See, e.g.*, *In re M.E.H.*, No. 14-18-00675-CV, 2018 WL 4869533, at *1–2 (Tex. App.—Houston [14th Dist.] Oct. 9, 2018, orig. proceeding) (mem. op.) (holding that, to whatever extent petitioner sought mandamus relief, petitioner had failed to invoke mandamus jurisdiction where respondent was not subject to the trial court's mandamus authority).

Finally, we note that much of Goodwin's requested relief (i.e., the requests for "findings"), while not framed in terms of the Uniform Declaratory Judgment Act (UDJA), Tex. Civ. Prac. & Rem. Code §§ 37.001–.011, is in substance a prayer for declaratory judgment. *See, e.g.*, *In re Accident Fund Gen. Ins.*, 543 S.W.3d 750, 753 (Tex. 2017) (orig. proceeding) ("[N]either a claim's label nor the relief requested is determinative of the jurisdictional inquiry; rather, the substance of the claim controls."); *Texas Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 389 (Tex. 2011) ("The central test for determining jurisdiction is whether the 'real substance' of the plaintiff's claims" is within the trial court's jurisdiction.); *Texas Facilities Comm'n v. Speer*, 559 S.W.3d 245, 256 (Tex. App.—Austin 2018, no pet.) ("[P]leading labels are not singularly controlling—instead, it is the 'real substance' of the claims that determines immunity and jurisdiction."). But the UDJA does not create jurisdiction; it is merely a procedural vehicle for resolving issues related to claims already within the court's jurisdiction. *See Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011). As already explained, Goodwin cannot establish jurisdiction over his claim to the city council seat; he therefore cannot

8

establish jurisdiction over his request for declaratory relief. For similar reasons, he cannot establish the district court's jurisdiction over his request for injunctive relief. *See City of Austin v. Utility Assocs., Inc.*, 517 S.W.3d 300, 319 (Tex. App.—Austin 2017, pet. denied) (reversing denial of plea to jurisdiction on request for injunctive relief where plaintiff failed to establish jurisdiction over claim underlying his request).

Having concluded that the district court lacked jurisdiction over Goodwin's suit, we do not reach his second and third issues, which address the merits of the arguments in support of Goodwin's claim to the contested seat on city council. *See, e.g.*, *Burton v. Leawood Homeowners Ass'n, LLP*, No. 14-17-00864-CV, 2019 WL 1339318, at *3 (Tex. App.—Houston [14th Dist.] Mar. 26, 2019, no pet.) (mem. op.) (holding appellate court had no authority to reach merits after concluding trial court lacked jurisdiction over claims). And because the pleadings affirmatively negate jurisdiction over Goodwin's suit, we need not afford him an opportunity to replead. *See Miranda*, 133 S.W.3d at 227. We therefore overrule his first issue, do not reach his second and third issues, and affirm the district court's order dismissing the case for want of jurisdiction.

## CONCLUSION

We affirm the district court's order sustaining Hohl's plea to the jurisdiction and dismissing the suit with prejudice.

_____

Edward Smith, Justice

Before Justices Goodwin, Triana, and Smith

Affirmed

Filed:   December 29, 2021