

# NUMBER 13-24-00404-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE MANUEL O. MORENO

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Benavides**

On August 13, 2024, relator Manuel O. Moreno filed a petition for writ of mandamus seeking to compel the City Council for the City of Donna to order a municipal election pursuant to § 3.004(b) of the Texas Election Code. *See* TEX. ELEC. CODE ANN. § 3.004(b). Relator also filed a motion requesting this Court to consider the petition for writ of mandamus on an expedited basis on grounds that the deadline to call an election is Monday, August 19, 2024. We grant relator's motion for expedited consideration. After examining the petition for writ of mandamus and the response filed by the City of Donna,

we conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

The City of Donna is a home rule municipality in Hidalgo County, Texas. Its City Charter contains various provisions relevant to the election of its mayor and council members. Prior to 2021, the City Charter provided in relevant part:

## ARTICLE II

## THE COUNCIL

## Section 1. NUMBER AND TERM OF OFFICE

Except as otherwise provided in this Charter, all powers of the City of Donna shall be vested in the Council composed of four Council Members and a Mayor except that the present Council Members shall serve as such until the elections hereinafter provided in Section 2 of this Article.

## Section 2. ELECTION AND TERM OF OFFICE OF COUNCILMEN

(a)     Except as otherwise provided in this Charter, the Councilmen of the City shall be elected to and occupy a place on the Council, such places being number 1, 2, 3, and 4, respectively. The Mayor shall be elected and occupy the post of Mayor. All shall hold office for three year terms and shall be elected from the City at large.

(b)     On the first Saturday of April, 1981, a general election shall be held for the purpose of electing the Mayor and Council members for places 1 and 3 for three year terms.

(c)     On the first Saturday in April, 1982, and every three years thereafter, Councilmen for places 2 and 4 shall be elected at a general election to be held for said purpose to succeed the Councilmen whose terms of office expire as provided in this Charter.

*Donna, Tex*., CITY CHARTER art. II, § 2(a) (1981) (former law) (internal formatting omitted).

Thus, the City Charter formerly provided that the mayor and city council members would be elected for three-year terms.

2

On August 16, 2021, the City ordered an election for two purposes. The "Order of Election" for November 2, 2021, stated that the purpose of the election was:

(a)     To elect Two (2) Councilmembers: one for Place 2 and one for Place 4 for the City of Donna [and]

(b)     To amend the city charter of the City of Donna to extend the terms of office of the City of Donna Mayor and Councilmen from three year terms to four year terms and extend the terms of office of the City of Donna Municipal Judge from three year terms to four year terms.

The "Preview Ballot" for this election stated that this proposed change was "TO SAVE MUNICIPAL FUNDS." The "Notice of Special Election" stated that the 2019 special election would include "Proposition A," which would amend the City Charter. Proposition A provided: "THE EXTENSION OF TERMS OF OFFICE FOR THE CITY OF DONNA MAYOR AND COUNCILMEN FROM THREE YEAR TERMS TO FOUR YEAR TERMS TO SAVE MUNICIPAL FUNDS." The City's voters approved this change to the City Charter and elected Oscar Gonzales for Place 2 and Joey Garza for Place 4.

Thereafter, with the November 2024 election approaching, the Mayor and City Council began considering whether the two council members elected in 2021, Gonzales and Garza, had been elected for three-year terms, as provided in the existing City Charter, or four-year terms, as provided by the amendment to the City Charter approved by voters in the 2021 election. Thus, the Council asked the City Attorney for Donna, Robert J. Salinas, for an opinion regarding this matter. In a July 21, 2022 letter directed to the Mayor, Salinas provided the following opinion:

You have requested a legal opinion on the applicability of a referendum election held in Donna on November 2, 2021, extending the terms of office of its governing body from 3 years to 4 years. You particularly ask 'must the members of said body stand for election held after the referendum to

3

approve the extension in order for their respective length of their terms to office to be that of the newly enacted term length . . . .

The Answer to your question is 'YES.' The extension of the term of office is not applicable to the office holders elected at the election in which the referendum calling for the extending of the terms of office. *That is, UNLESS the referendum wording specifically made the extension applicable to the current office holders.* The referendum approved by Donna voters at the election of November 2, 2021, does *not* contain such specificity. . . . The Texas Constitution specifically provides that 'a city, town or village may provide by majority vote of qualified voters for a longer term of office than two (2) years for its officers . . . but not to exceed four (4) years. . . . It has been held that common law protects the integrity of the election with a minimum standard for the ballot language [(*See Dacus v. Parker*, 466 S.W. 3d 820, 824 (Tex. 2015)] this is to ascertain that the voters are not misled . . . .

The issue then rests on whether the referendum extending the terms of office as approved by the voters in Donna at the election of November 2, 2021, is applicable prospectively or retrospectively. [Texas Government Code § 311.022] reads 'A statute is presumed to be Prospective in its operation unless expressly made *retrospective*. . . .' I find no law stating that a 'referendum' should be given a different interpretation. This same issue appeared on a ballot referendum in the City of Combes, Texas. The Hon. Luis Saenz, District Attorney for Cameron County, Texas, issued an opinion on the issue holding that the referendum is prospective and not retrospective and elected officials must therefore stand for election after the referendum is held. . . . I find no Texas law nor Attorney General Opinions that says otherwise.

You requested that I seek an opinion from the Legal Department at [the Texas Municipal League (TML)] on the issue. TML legal was of the opinion that 'unless the ballot language was clear that it applied to that election when it passed, it is likely prospective.' [A] Staff Attorney stated that TML will not issue a formal opinion on issue[s] involving charter interpretation and will defer to the city attorney. . . .

## CONCLUSION

Unless a referendum extending the length of terms of office *specifically* reads to the contrary, an election referendum by a majority of the electorate extending the length of terms of office for its officers is *prospective* and all members of said body must stand for election on a date *after* the election approving the lengthening of the terms of office.

4

Salinas referenced and attached various items to his opinion, including the TML opinion and email. In the email, Amber McKeon-Mueller, the Assistant Director of Legal Services, provided Salinas the following information which was "not intended to constitute legal advice":

> Local Government Code § 9.006 would have allowed councilmembers elected in the same election as the charter amendment increasing the terms to be subject to the increased terms:
>
>> Sec. 9.006. CONCURRENT ELECTIONS. This chapter does not prevent the voters at an election to adopt a charter or an amendment to a charter from electing at the same election persons to hold office under the charter or amendment.
>
> However, the ballot language should have been clear if the city wanted the increased terms to apply in the concurrent election. Because the ballot language was not clear, the increased terms should not apply to those councilmembers elected in the same election as the charter amendment. Those councilmembers would need to run for reelection at the end of the old terms.

McKeon-Mueller also advised that the TML would "always defer to the city attorney when it comes to charter interpretation."

On August 5, 2024, the City Council met. The notice for the meeting provided that two of the "Regular Items" to be discussed included:

1. Discussion and possible action to adopt a resolution and order of the City of Donna, Texas, ordering a general municipal election to be held in the City of Donna, on Tuesday, November 5, 2024, for the election of Commissioner, Place 2, for the City of Donna, and Commissioner, Place 4, for the City of Donna, Texas.

2. Discussion and possible action on retaining the legal services of The Law Office of Gilberto Hinojosa & Associates, P.C to render legal opinion in reference to the adoption and application of Proposition A passed by majority vote by the citizens of Donna in the November 2021 Election.

5

At that meeting, the City Council voted *not* to call an election.

On August 7, 2024, relator sent a letter to the Donna City Manager requesting the manager to "send [him] all documents necessary for [him] to file for office and be placed on the ballot for the upcoming November 2024 elections." However, relator "became aware" that the City Council had refused to call the election.

This original proceeding ensued. By one issue, relator contends that the term of office for Place 4, and Place 2, was the three-year term originally provided by the City Charter, and thus the City Council had a ministerial duty to order the election. This Court requested and received a response to the petition for writ of mandamus from the City, which contends: (1) fact issues preclude mandamus relief; (2) the mandamus is moot; (3) relator has not met his burden to obtain mandamus relief; and (4) the "plain reading" of the amendment makes it applicable to the candidates who were elected on the day that the amendment was passed.

## II.     MANDAMUS

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). We "may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election." TEX. ELEC. CODE ANN. § 273.061(a); *see In re Rogers*, 690 S.W.3d 296, 299 (Tex. 2024) (orig. proceeding) (per curiam); *In re Dominguez*, 621 S.W.3d 899, 904 (Tex. App.—El Paso 2021, orig. proceeding) (per curiam). However, "[i]n a mandamus relating

6

to an election proceeding, we must be careful to avoid undue interference with the electoral process and the people's right to self-governance, including their choice of candidates." *In re Anthony*, 642 S.W.3d 588, 589 (Tex. 2022) (orig. proceeding) (per curiam).

Mandamus may issue to compel public officials to perform ministerial acts or "to correct a clear abuse of discretion by a public official." *In re Williams*, 470 S.W.3d 819, 821 (Tex. 2015) (orig. proceeding) (per curiam) (quoting *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991)); *In re Dominguez*, 621 S.W.3d at 904. "An act is ministerial when the law clearly spells out the duty the official must perform with sufficient certainty that it leaves nothing to the official's discretion." *In re City of Galveston*, 622 S.W.3d 851, 855 (Tex. 2021) (orig. proceeding); *see In re Williams*, 470 S.W.3d at 821; *In re Dominguez*, 621 S.W.3d at 904. An act is a clear abuse of discretion if it is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding) (quoting *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (cleaned up); *see In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding).

To obtain a writ of mandamus, the relator bears the burden of showing that it has a clear legal right to the performance of the act sought to be compelled and the duty of the officer sought to be compelled must be clearly fixed and required by the law. *In re Dominguez*, 621 S.W.3d at 904; *In re Watkins*, 465 S.W.3d 657, 659 (Tex. App.—Austin 2014, orig. proceeding); *In re Cercone*, 323 S.W.3d 293, 295 (Tex. App.—Dallas 2010, orig. proceeding). In addition to showing that an election official had a legal duty to

perform a non-discretionary act, a relator must also show he made a demand for performance on the election official and the election official refused to perform. *In re Dominguez*, 621 S.W.3d at 904; *In re Cercone*, 323 S.W.3d at 297.

### III.    CONSTRUCTION OF THE CITY CHARTER

The analysis in this case revolves around the appropriate construction and interpretation of the City Charter and the amended City Charter. "City charters are construed according to general rules of statutory interpretation." *Powell v. City of Hous.*, 628 S.W.3d 838, 843 (Tex. 2021); *see Jones v. Whitmire*, 691 S.W.3d 685, 693 (Tex. App.—Houston [14th Dist.] 2024, no pet. h.); *Hunt v. City of Diboll*, 574 S.W.3d 406, 422 (Tex. App.—Tyler 2017, pet. denied). We review issues regarding statutory interpretation as a question of law. *See Tex. Health & Hum. Servs. Comm'n v. Estate of Burt*, 689 S.W.3d 274, 279 (Tex. 2024). Our primary objective is to ascertain and give effect to the enacting body's intent, and we do so by looking to the plain meaning of the statutory terms, informed by the terms' context. *Morath v. Lampasas Indep. Sch. Dist.*, 686 S.W.3d 725, 734 (Tex. 2024).

The Texas Constitution prohibits retroactive laws. *See* TEX. CONST. art. I, § 16 ("No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."); *see generally In re M.C.C.*, 187 S.W.3d 383, 384 (Tex. 2006) (per curiam); *Prater v. Owens*, 667 S.W.3d 363, 373 (Tex. App.—Houston [1st Dist.] 2022, no pet.). "A retroactive law is one that extends to matters that occurred in the past." *Tenet Hosps. Ltd. v. Rivera*, 445 S.W.3d 698, 707 (Tex. 2014); *see City of Grapevine v. Muns*, 651 S.W.3d 317, 344 (Tex. App.—Fort Worth 2021, no pet.).

In accordance with this constitutional directive, our legislature has determined that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." TEX. GOV'T CODE ANN. § 311.022; *City of Austin v. Whittington*, 384 S.W.3d 766, 790 (Tex. 2012); *In re M.C.C.*, 187 S.W.3d at 384; *San Jacinto Title Servs. of Corpus Christi, LLC. v. Kingsley Props., LP*, 452 S.W.3d 343, 350 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied). Statutory amendments are also presumed to apply prospectively. *In re G.R.B.*, 582 S.W.3d 483, 485 (Tex. App.—San Antonio 2018, pet. denied); *Bair Chase Prop. Co. v. S & K Dev. Co., Inc.*, 260 S.W.3d 133, 143 (Tex. App.—Austin 2008, pet. denied); *Bates v. Tesar*, 81 S.W.3d 411, 427 (Tex. App.—El Paso 2002, no pet.). However, applying procedural, remedial, or jurisdictional statutes retroactively does not violate the constitution's prohibition on retroactive laws because procedural and remedial laws generally do not affect vested rights acquired under existing law. *City of Austin*, 384 S.W.3d at 790; *Prater*, 667 S.W.3d at 373; *In re G.R.B.*, 582 S.W.3d at 485.

## IV.  ANALYSIS

Relator asserts that the City Council failed to perform its ministerial duty under the Texas Election Code by failing to call an election for November 2024. Section 3.004 of the Texas Election Code governs the elections for political subdivisions and provides:

(a)  The following authority shall order an election:

(1)  the county judge, for the general election for officers of the county government;

(2)  the mayor, for the general election for city officers in a city with a population of 1.9 million or more; and

(3)  the governing body of a political subdivision, other than a county or a city described by Subdivision (2), that has elective

9

offices, for the general election for those officers.

(b)     If a law providing for an election relating to the affairs of a political subdivision does not designate the authority responsible for ordering the election, the governing body of the political subdivision shall order the election.

TEX. ELEC. CODE ANN. § 3.004. We have held that this section imposes a duty by law. *See Estrada v. Adame*, 951 S.W.2d 165, 167 (Tex. App.—Corpus Christi–Edinburg 1997, no writ). The use of "shall" in the statutory language reflects a mandatory, ministerial duty. *See* TEX. GOV'T CODE ANN. § 311.016(2) (stating that the statutory language of "'[s]hall' imposes a duty"); *In re Rogers*, 690 S.W.3d at 300 (discussing the duty to call an election based on a petition with the required number of signatures).

We examine whether the City Charter, as amended in the 2021 election, applies to the City Council members elected in that same election. In this regard, the Texas Local Government Code allows for a charter or an amendment to be made in the same election which fills offices created by the charter of amendment. *See* TEX. LOC. GOV'T CODE ANN. § 9.006 ("This chapter does not prevent the voters at an election to adopt a charter or an amendment to a charter from electing at the same election persons to hold office under the charter or amendment.").

As required by Texas law, we begin with the presumption that the 2021 amendment to the City Charter applies prospectively unless the amendment was expressly made to apply retroactively. *See* TEX. GOV'T CODE ANN. § 311.022; *City of Austin*, 384 S.W.3d at 790; *In re M.C.C.*, 187 S.W.3d at 384. To review, Proposition A stated: "THE EXTENSION OF TERMS OF OFFICE FOR THE CITY OF DONNA MAYOR AND COUNCILMEN FROM THREE YEAR TERMS TO FOUR YEAR TERMS TO SAVE

10

MUNICIPAL FUNDS." The proposition does not contain any language expressly making the amendment retroactive. Thus, we presume that the amendment is prospective in its application. *See* TEX. GOV'T CODE ANN. § 311.022; *City of Austin*, 384 S.W.3d at 790; *In re G.R.B.*, 582 S.W.3d at 485. Because the 2021 amendment to the City Charter applied prospectively, the current terms for Places 2 and 4 on the City Council remain three years rather than four. The City Council is bound by the terms of its amended charter as written. *See In re Porter*, 126 S.W.3d 708, 711 (Tex. App.—Dallas 2004, orig. proceeding [mand. denied]).

## V. THE CITY'S RESPONSE

In its response to the petition for writ of mandamus, the City asserts that we should deny relief on various grounds. First, the City contends that fact issues preclude mandamus relief. Its contention is premised on the doctrine that mandamus may not issue in a case involving disputed issues of fact. *See In re Woodfill*, 470 S.W.3d 473, 478 (Tex. 2015) (orig. proceeding) (per curiam) ("Disputed facts, however, prevent the Court from resolving issues in a mandamus proceeding."); *see also In re CDM Constructors, Inc.*, No. 13-23-00216-CV, 2023 WL 5500002, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 24, 2023, orig. proceeding) (mem. op.). Specifically, the City alleges that "[r]elator's interpretation of how the term extension ordinance applies to the Place 2 and Place 4 Councilmen creates a fact issue that is not grounds for mandamus relief." However, the interpretation and construction of the City Charter and its amendment is performed as a matter of law. *See Tex. Health & Hum. Servs. Comm'n*, 689 S.W.3d at 279; *Powell*, 628 S.W.3d at 843. Accordingly, under our required standard of review, we must reject the

11

City's contention that the interpretation of the Charter and its amendments is a question of fact.

Second, the City contends that mandamus should not issue because this matter is moot "because it will interfere with the election schedule." It contends that the 78th day deadline for the November 5, 2024 election falls on August 19, 2024, and after that date, the ballots and election cannot be changed; thus, this mandamus is moot. Mootness implicates subject matter jurisdiction, and appellate courts are prohibited from deciding controversies that have become moot. *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634 (Tex. 2021) (app. & orig. proceeding). A matter becomes moot when:

> (1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the case's outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion.

*Id.* at 634–35. However, the deadline for the City to call the election is Monday, August 19, 2024, and this memorandum opinion is being issued in time for the City to act. Accordingly, this mandamus is not moot.

The City further contends that "[r]elator could have brought his mandamus months before the election deadline but instead decided to file it at the last minute," thus the mandamus should be denied based on delay. We agree with the City's general contention that delay in seeking relief may defeat the right to mandamus relief. "[F]or a court to resolve an election dispute, the court must receive the case early enough to order relief that would not disrupt the larger election." *In re Khanoyan*, 637 S.W.3d 762, 764 (Tex.

12

2022) (orig. proceeding). And, in the larger sense, delay in general may bar relief in an original proceeding. "[A] relator who unduly or unreasonably delays filing a petition for mandamus relief may waive its right to such relief unless the delay is justified." *In re Am. Airlines, Inc.*, 634 S.W.3d 38, 43 (Tex. 2021) (orig. proceeding) (per curiam); *In re Giles*, 675 S.W.3d 376, 389 (Tex. App.—Corpus Christi–Edinburg 2023, orig. proceeding). However, the facts and timeline involved in this original proceeding do not show a delay. Contrary to the City's contention that relator could have pursued his right to relief in the preceding months, the City did not determine that it would not call an election until August 5, 2024. Relator became aware of that decision some unspecified time thereafter, and he filed this original proceeding on August 13, 2024, eight days after the City rendered its decision.

Third, the City argues that relator has not met his burden to establish the substantive requirements for mandamus relief; specifically, that relator has not shown that the City possessed a ministerial duty such that relator has a clear right to relief. In connection with this argument, the City contends that relator's assertion that a ministerial duty exists to call an election in November 2024 is "flawed" because "the issue is not whether an election must take place . . . but rather when it must take place," and Texas Government Code § 3.004(a)(3) does not address the timing of any required election. *See* TEX. GOV'T CODE ANN. § 3.004(a)(3). However, the City's contention fails to recognize that its duties arise not only from the election code but also from its City Charter and the amendments thereto which contain express language regarding the specific terms of office at issue in this original proceeding. It is abundantly clear that ministerial duties may

13

arise from a city charter. *See In re Lee*, 412 S.W.3d 23, 27 (Tex. App.—Austin 2013, orig. proceeding).

The City further asserts that § 311.022 of the government code, regarding the presumption that we construe statutes to apply prospectively, is inapplicable here "because it applies to a state statute, not a local ordinance or amendment to a city charter." The City's argument is presumably premised on government code § 311.002 which provides, generally, that the code construction act, of which § 311.022 is a part, applies to "codes" and "code provisions," and does expressly apply to other matters such as ordinances and charters. *See* TEX. GOV'T CODE ANN. § 311.002. Nevertheless, we look to the code construction act for guidance regarding the construction of other matters. *State v. Garcia*, 823 S.W.2d 793, 798 (Tex. App.—San Antonio 1992, pet. ref'd). And, like our sister courts, we use it as a general tool for construction. *See, e.g., City of Roanoke v. Town of Westlake*, 111 S.W.3d 617, 632 (Tex. App.—Fort Worth 2003, pet. denied) (applying § 311.022 to the construction of an ordinance). To do otherwise would potentially run afoul of our constitution's prohibition regarding retroactive laws. *See* TEX. CONST. art. I, § 16; *In re M.C.C.*, 187 S.W.3d at 383.

Finally, the City contends that a "plain reading" of the City Charter's amendment to term limits makes it inapplicable to the candidates that were elected on the day that it was passed by the voters. The City asserts that the election approving the amendment and electing the new councilmembers occurred on November 2, 2021, yet the terms for the newly elected councilmembers did not begin until November 8, 2021, when they took their oaths and began their term of service. The City cites no authority in support of this

14

proposition, and it conflicts with our standard of review and the rules of construction for the amendment that we have previously examined. Thus, we disagree that the "plain meaning" of the amendment renders it applicable to the current city councilmembers.

While we appreciate the City's arguments against granting mandamus relief in this case, controlling law does not support them.

## VI. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the City's response, and the applicable law, is of the opinion that relator has met his burden to obtain mandamus relief. Accordingly, we conditionally grant the petition for writ of mandamus, in part, and we direct the City to call an election in accordance with its City Charter. We are confident that the City will comply, and our writ will issue only if it does not. Because of the exigent deadlines present in this election case, we will not entertain a motion for rehearing or reconsideration. *See* TEX. R. APP. P. 2, 49.1, 49.7, 52.9.

GINA M. BENAVIDES
Justice

Delivered and filed on the
16th day of August, 2024.

15